■ In the Matter of JOSEPH ODIERNO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a maintenance worker for the Levittown School District in Nassau County, sought accidental disability retirement benefits for an incident which occurred on June 1, 1977[*] and resulted in a back injury. Petitioner's description of this incident on his application stated that while he was "installing air conditioner to window injured lower back". Petitioner's application was denied on the ground that petitioner's disability did not result from an "accident" within the meaning of the Retirement and Social Security Law. Petitioner filed a timely request for a hearing.

Petitioner testified that his injury occurred when he slipped and fell on a wet step while he and a coemployee were carrying an air conditioner into a building for installation, and that he regularly engaged in the installation of air conditioners in buildings throughout the school district, including the building where the subject incident occurred. The testimony of the coemployee largely confirmed petitioner's

---

[*] Petitioner has abandoned any claim to accidental disability retirement benefits arising from incidents occurring on September 26, 1979 and May 17, 1982.

version of the manner in which the injury was sustained, although there are slight variations as to certain facts. That petitioner's duties included installing plumbing, heating and refrigeration equipment and maintaining electrical and plumbing machinery is verified by petitioner's job description, admitted into evidence over objection by petitioner's counsel. An employer's report of injury to the Workers' Compensation Board, also admitted into evidence over objection by petitioner's counsel, noted that petitioner was injured while "installing an air conditioner [illegible] it up into window".

Respondent's final determination denied petitioner's application on the ground that petitioner had not suffered an "accident" within the meaning of the Retirement and Social Security Law. Respondent concluded that petitioner was injured while lifting an air conditioner to be installed in a window within the ordinary course of his normal and expected duties as a maintenance worker. To challenge this determination, petitioner commenced this CPLR article 78 proceeding, which has been transferred to this court pursuant to CPLR 7804 (g).

An "accident" within the meaning of the Retirement and Social Security Law is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (Matter of Lichtenstein v Board of Trustees of Police Pension Fund, 57 NY2d 1010, 1012, quoting Johnson Corp. v Indemnity Ins. Co., 6 AD2d 97, 100, affd 7 NY2d 222). It is not an injury "sustained while performing routine duties but not resulting from unexpected events" (Matter of McCambridge v McGuire, 62 NY2d 563, 568) or emanating from risks inherent in an employee's regular duties (Matter of Cummings v Regan, 107 AD2d 968, 969). Respondent's determination cannot be disturbed if supported by substantial evidence (see, e.g., Matter of Galioto v Regan, 126 AD2d 880, 881), and contradictions between written versions of an incident and oral testimony raise factual issues of credibility to be resolved by respondent (Matter of Finnegan v Regan, 116 AD2d 878, 879). In this regard, petitioner has the burden to establish that there was an "accident", within the meaning of the statute (supra).

In this case, the oral testimony that petitioner slipped on a wet step differs from petitioner's own written version of the incident as described on his application for accidental disability retirement benefits which indicates that petitioner was installing an air conditioner to a window when he injured his back. It was within the authority of respondent to resolve this discrepancy by accepting the written version and we, therefore, confirm the determination that petitioner's injury arose

out of an incident within the contemplation of his regular duties and did not constitute an accident within the meaning of the statute.

We note that the workers' compensation report of the employer, though hearsay, was properly admitted into evidence during this administrative proceeding *(see,* Retirement and Social Security Law § 74 [g]), and that this report may constitute the type of evidence qualifying as substantial evidence because it is what " 'responsible persons are accustomed to rely [on] in serious affairs' " *(People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *National Labor Relations Bd. v Remington Rand,* 94 F2d 862, 873, *cert denied* 304 US 576). We need not place too much reliance on such report herein, though, because of petitioner's own written statements described above.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.