■ In the Matter of RICHARD DE ZAGO, Petitioner, v NEW YORK STATE POLICE AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental disability retirement benefits and performance of duty disability retirement benefits.

Petitioner, a police officer employed by the Village of Spring Valley in Rockland County, allegedly suffered nerve deafness to both ears when a fellow employee tossed a firecracker under the bathroom door while petitioner was in that room. He subsequently filed applications for accidental disability retirement benefits and for performance of duty disability retirement benefits *(see,* Retirement and Social Security Law §§ 363, 363-c). Following a hearing, respondent Comptroller determined that petitioner did not incur the claimed disability while in the performance of duty, and denied both applications.* This proceeding ensued.

To be eligible to receive benefits, petitioner must actually have been performing his job when the injury-producing event occurred. Here, the uncontradicted evidence is that the incident took place 15 minutes before petitioner's tour of duty was scheduled to begin, but that he had already commenced

---

* Because the Comptroller reached this conclusion, the question of whether petitioner sustained a disability which "incapacitated" him from performing his duties as a police officer was not reached.

performing his duties when the "accident" occurred *(cf., Matter of Chambers v Regan,* 125 AD2d 920). Petitioner testified that, consistent with the practice of the Village of Spring Valley Police Department, on the date of the "accident" he arrived at the station at 7:30 A.M. for a tour of duty scheduled to commence at 8:00 A.M., read the police blotter, was briefed by the desk officer, received his post assignment and changed into his uniform. At approximately 7:45 A.M., after he had completed these pretour preparations, he entered the bathroom. Shortly thereafter, a coemployee threw the lit firecracker under the bathroom door.

Notwithstanding that neither the village's rules of conduct nor the collective bargaining agreement governing its police officers specifically requires the officers to report to work 15 to 30 minutes before their actual tours of duty begin for pretour preparation, the uncontradicted fact is that this procedure has been an informal department practice of long standing. While petitioner's Chief of Police acknowledged that, should an officer miss his pretour preparation he could be briefed by the sergeant, he indicated that any officer who repeatedly failed to report in time to familiarize himself with the police blotter and attend both a briefing and roll call would be subject to discipline. He further testified that the practices and procedures of the department mandated that the officer report to work before his scheduled tour of duty, even though the officers did not receive vacation credit or pay for doing so. Respondent New York State Policemen's and Firemen's Retirement System offered no evidence, testimonial or otherwise, refuting this testimony.

Unlike the cases relied upon by the Comptroller, where the injury-causing event happened either before the individual began his job duties, during his off-duty lunch hour or after he had finished work for the day *(see, e.g., Matter of Chambers v Regan, supra; Matter of Triolo v New York State Employees' Retirement Sys.,* 118 AD2d 926, 928; *Matter of Marino v Regan,* 117 AD2d 845; *Matter of Shafron v New York State Retirement Sys.,* 87 AD2d 695), the evidence here conclusively establishes that petitioner sustained his claimed injury at a time when he was indeed performing his job duties. Because the Comptroller's determination to the contrary lacks substantial support in the record, it must be annulled.

Determination annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent with this court's decision. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.