■ In the Matter of GARY LATTANZI, Petitioner, v H. CARL MCCALL, as Comptroller of the State of New York, et al., Respondents. [621 NYS2d 925] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and ordinary disability retirement benefits.

Upon review of the record, we conclude that there is substantial evidence to support the determination denying petitioner's applications for accidental and ordinary disability retirement benefits on the basis that petitioner, a parole officer, was not in service at the time of his injuries. The evidence indicates that petitioner was initially injured in an automobile accident en route to work and there is no indication he was performing any work function at that time. Under the circumstances, we agree that petitioner has failed to meet his burden of proving that he was in service at the time of his injuries.

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ STEPHEN R. WILLIAMS et al., Appellants, v VILLAGE OF ENDICOTT et al., Respondents. [621 NYS2d 926] —Appeal from an order of the Supreme Court (Coutant, J.), entered September 28, 1993 in Broome County, which denied plaintiffs' motion for, *inter alia,* an extension of time to file a note of issue.

Plaintiffs argue that Supreme Court improperly denied their motion for a further extension of time to file a note of issue. Assuming, arguendo, that all issues raised by the parties are properly before us, we conclude that Supreme Court's decision need not be disturbed. We have examined the excuses plaintiffs have proffered for their delay and find that they are not persuasive, especially in light of the broad discretion possessed by Supreme Court in considering such motions.

Cardona, P. J., Mercure, White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.