■ In the Matter of STEVEN D. SPENCER et al., Petitioners, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [631 NYS2d 789] —Crew III, J. Proceeding pursuant

to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

At all times relevant to this proceeding, petitioner Steven D. Spencer (hereinafter petitioner) was employed as a Deputy Sheriff and head canine officer for the Chemung County Sheriff's Department. In his capacity as head canine officer, petitioner was responsible for kenneling and transporting his canine partner, who accompanied petitioner on each of his assigned shifts. Petitioner was on call 24 hours a day and had been assigned a marked Sheriff's vehicle, which remained at his residence when not in use.

On February 26, 1983, petitioner was assigned to work the day shift, which began at 8:00 A.M. and ended at 4:00 P.M. At approximately 4:15 P.M., petitioner and his canine partner left the Sheriff's Department in a marked Sheriff's vehicle. While en route to petitioner's residence, petitioner was involved in an automobile accident and sustained certain injuries. Petitioner's subsequent application for accidental disability retirement benefits was denied, and petitioner filed a timely application for a hearing. The Hearing Officer upheld the denial, finding that the documentary evidence contained in the record established that petitioner was not "in service" at the time the accident occurred. Respondent ultimately reached a similar conclusion, and this CPLR article 78 proceeding seeking to set aside respondent's determination ensued.

It is well settled that the Comptroller is vested with the exclusive authority to determine all applications for retirement benefits and such determination, if supported by substantial evidence in the record as a whole, must be upheld (*see*, *Matter of Rakowski v New York State & Local Retirement Sys.*, 215 AD2d 802), even where, as here, there is other evidence in the record that arguably could support a contrary result (*cf.*, *Matter of Goldberg [Coronet Studio—Hudacs]*, 187 AD2d 823, *lv denied* 81 NY2d 708; *Matter of Kurzyna v Communicar, Inc.*, 182 AD2d 924, *lv denied* 80 NY2d 754). In this regard, it is equally well settled that "[i]ssues of credibility are properly resolved by the Comptroller" (*Matter of Chester v New York State & Local Employees' Retirement Sys.*, 209 AD2d 815). With these principles in mind, we turn to the matter before us.

Here, it is not disputed that petitioner was in uniform and was driving a marked Sheriff's vehicle at the time of the accident. Additionally, petitioner's testimony that he was on call 24 hours a day went unchallenged, as did his testimony that

he normally did not radio "out of service" until he and his canine partner reached his residence. Nevertheless, after reviewing the record as a whole, we cannot conclude that respondent's determination is not supported by substantial evidence.

In concluding that petitioner did not sustain an accident while in the performance of his duties, respondent relied upon, *inter alia*, petitioner's sworn application for benefits and a workers' compensation report filed by petitioner's employer. Petitioner's application for benefits described the accident as follows: "[d]eriving assigned Sheriff's patrol car home, *at end of shift*, when accident occurred with another vehicle, injuring right knee, left leg, lower back & neck" (emphasis supplied). As a starting point, we note that this description is not inconsistent with petitioner's testimony that the day shift, which he admittedly was working the day of the accident, ended at 4:00 P.M. Additionally, to the extent that petitioner's written description of the accident is at variance with his subsequent testimony that he normally did not radio "out of service" until he reached his residence, respondent could properly have rejected this portion of petitioner's testimony as self-serving and, in any event, was well within its authority to credit petitioner's written version of the accident over his oral testimony (*see, Matter of Odierno v Regan*, 135 AD2d 898, 899).

We reach a similar conclusion with respect to the workers' compensation report filed by petitioner's employer, which account bore the following notation with respect to the accident: "[petitioner] [a]lleges he was driving home from work and had an auto accident. *No work-related accident described"* (emphasis supplied). Contrary to petitioner's assertion, this document, though hearsay, was sufficiently relevant and probative to warrant its admission into evidence (*see, Matter of Odierno v Regan, supra*, at 900). As for petitioner's assertion that this report should not be given much weight, two observations are worth noting. First, it is for respondent to determine the relative weight to be given to the evidence presented at petitioner's hearing. Additionally, even discounting this document entirely, we are of the view that petitioner's own written statement, coupled with portions of his oral testimony, provide the substantial evidence needed to support respondent's determination.

In concluding that it is uncontroverted that petitioner sustained his claimed injuries while in the performance of his duties, the dissent has, with all due respect, overlooked the very evidence upon which respondent's determination is based.

Plainly, there is evidence in the record that would support petitioner's assertion that he was indeed "on duty" at the time the accident occurred. In reviewing respondent's determination, however, we simply are not permitted to substitute our judgment for that exercised by the agency. Instead, we are limited to deciding whether the determination under review is supported by substantial evidence, and the mere fact that a different view of the evidence would support a contrary result is of no moment (see, Matter of Goldberg [Coronet Studio—Hudacs], 187 AD2d 823, supra; Matter of Kurzyna v Communicar, Inc., 182 AD2d 924, supra).

Cardona, P. J., Mercure and Casey, JJ., concur.

Peters, J. (dissenting). I respectfully dissent. The determination under review is not supported by substantial evidence.

As the head canine officer for the Chemung County Sheriff's Department, petitioner was required to maintain, transport and shelter, in a kennel in his home, a German Shepard owned by the Department. Pursuant to departmental policy, such dog was specially trained and solely responsive to the orders and commands of petitioner. The Department considered the dog to be petitioner's partner and it was therefore required to carry a badge and accompany petitioner on each one of his shifts.

As part of petitioner's assignment to the road patrol, he was provided with a marked vehicle. Petitioner testified that he would radio in at the beginning of each shift when his police vehicle was loaded with the dog and equipment and would radio out at the conclusion of the shift after the dog was placed back in its kennel. On the date of the accident, petitioner, still in uniform, was in his marked vehicle transporting the dog directly back to its kennel in order to conclude his scheduled shift. As was his routine, he had not yet called to radio out.

Unlike Matter of Triolo v New York State Employees' Retirement Sys. (118 AD2d 926), where petitioner was injured as she drove home for lunch, Matter of Pucillo v Regan (98 AD2d 877, affd 62 NY2d 736), where a police supervisor in command 24 hours a day, seven days a week, was injured when he drove in his police vehicle to a shopping center to pick up his daughter and transport her home, or Matter of Maso v Regan (81 AD2d 734), where an accident occurred after a municipal employee left her employment and went out to the parking lot to get into her personal car, petitioner here did not engage in any personal activity either prior to or at the time of the accident to warrant the finding by respondent that petitioner was not in service at the time of the accident. Moreover, it was uncontroverted that petitioner's duties and obligations with re-

spect to his canine partner "did not cease the minute he left the premises, but continued for a reasonable time necessary to [transport the dog back to its shelter and place it in its kennel and then] make his call to the precinct" (*Matter of Sorli v Levitt*, 77 AD2d 773, 775 [Mikoll, J., dissenting], *appeal dismissed* 52 NY2d 897). I do not find petitioner's statement in his application for benefits or the workers' compensation report filed by his employer to be inconsistent with petitioner's testimony that the accident occurred when his scheduled shift was over but not when his duties in relation thereto had been completed.

I find the evidence, in its totality, to conclusively establish that petitioner sustained his claimed injury at a time when he was in the process of performing his routinized job-related duties (*see, Matter of De Zago v New York State Police & Firemen's Retirement Sys.*, 157 AD2d 957) and therefore must conclude that respondent's determination was not supported by substantial evidence.

Adjudged that the determination is confirmed, without costs, and petition dismissed.