■ In the Matter of FRANCES FARLEY, Petitioner, v H. CARL McCALL, as State Comptroller, et al., Respondents. [657 NYS2d 800] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a senior court officer and was scheduled to work a shift from 9:00 A.M. to 5:00 P.M. As a result

of two separate incidents, petitioner applied for accidental disability retirement benefits. Petitioner seeks review of respondent Comptroller's determination denying her application on the ground that it is not supported by substantial evidence.

The first incident occurred on November 1, 1988 when, shortly before 9:00 A.M., upon entering the foyer of the courthouse on her way to report for work, petitioner slipped and fell on water and wet leaves, sustaining injuries. Inasmuch as petitioner had not yet reported for work, substantial evidence supports the determination that she was not "in service" at the time that the injuries occurred (see, Matter of Farley v Regan, 162 AD2d 905; Matter of Cantello v Regan, 154 AD2d 867).

The second incident occurred on March 11, 1993. According to petitioner, the elevator in which she and a fellow officer were riding made a sudden jolt and dropped to the basement, causing her to strike the interior of the elevator and sustain injuries. Other witnesses, however, offered conflicting descriptions of the event and stated that petitioner did not sustain any injury as a result of the minor malfunction of the elevator. It is well settled that it is within the discretion of the Comptroller to evaluate and resolve issues of credibility (see, Matter of Farruggio v McCall, 222 AD2d 925, 926). Here, the Comptroller credited the testimony of the witnesses who had no motivation to fabricate the events. We conclude that substantial evidence supports the Comptroller's finding that petitioner did not sustain injuries as a result of the elevator incident. Because substantial evidence supports the determination regarding both incidents, it is, accordingly, confirmed.

Mikoll, J. P., Crew III, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.