■ In the Matter of DENNIS ECKERSON, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS, Respondent. [704 NYS2d 713] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, who was employed at Central New York Psychiatric Center in Oneida County, slipped and fell on an icy sidewalk on his employer's premises while returning from a designated smoking area to the building where he worked. After a hearing, the Comptroller denied petitioner's application for accidental disability retirement benefits upon the conclusion that, inasmuch as petitioner was returning from a smoking break, he was not in service when he was injured. Petitioner commenced this CPLR article 78 proceeding to review the Comptroller's determination.

To the extent that petitioner, who admittedly smoked a cigarette prior to his fall, testified that he went to the smoking area to conduct work-related business, the credibility issue created by that testimony was for the Comptroller to resolve (*see, Matter of Di Guida v McCall*, 244 AD2d 756). The Comptroller has previously determined that, although a slip and fall occurred on the employer's premises, the injured employee was not in service where the injuries were sustained before the employee had reported to work (*see, Matter of Farley v McCall*, 239 AD2d 779, *lv denied* 90 NY2d 807), during a lunch break (*see, Matter of Nappi v Regan*, 186 AD2d 855, *lv denied* 81 NY2d 703) or after the employee's shift had ended (*see, Matter of Di Guida v McCall, supra*). We see nothing irrational in the Comptroller's similar treatment of an injury sustained during a smoking break. Inasmuch as petitioner's claim that he was denied his procedural due process rights was not raised in the petition, this issue has not been preserved for our review (*see, Matter of Tower v McCall*, 257 AD2d 973, 974).

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.