In the Matter of GICAMINO J. DeCAROLIS, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [708 NYS2d 192] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court pursuant order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and ordinary disability retirement benefits.

Petitioner, a maintenance worker, filed applications for accidental and ordinary disability retirement benefits alleging that he is permanently incapacitated from the performance of his duties due to back injuries he sustained while performing manual labor at work on four separate occasions over a two-year period. Respondent denied the applications on grounds that the incidents did not constitute "accidents" within the meaning of the Retirement and Social Security Law and that petitioner failed to demonstrate that he is permanently incapacitated from performing his duties as a maintenance worker. Petitioner commenced this CPLR article 78 proceeding challenging the determination and we confirm.

Initially, a review of petitioner's brief reveals that he has abandoned any claim for accidental disability retirement benefits arising from all four incidents (see, Matter of Odierno v Regan, 135 AD2d 898) and only challenges respondent's finding that he failed to demonstrate that he is permanently incapacitated from the performance of his duties so as to establish his entitlement to ordinary disability benefits. In our view, substantial evidence supports respondent's determination that petitioner was not permanently incapacitated from performing his employment responsibilities.

John Cambareri, a board-certified orthopedic surgeon who examined petitioner at the request of the State and Local Employees' Retirement System, testified that petitioner's complaints of radiating lower back pain and apparent restricted range of motion during various physical tests were "nonphysiological" in nature in that they could not be correlated

with any orthopedic problem and lacked any objective medical basis. Although CT scan and MRI results indicated that petitioner suffered from a bulging or herniated disc and degenerative disc changes, Cambareri opined that such abnormalities were common for a person of petitioner's age and did not explain or provide objective support for petitioner's subjective complaints of pain. Moreover, Cambareri's physical examination of petitioner uncovered no evidence that the irregularities in petitioner's spine were symptomatic. Based upon the lack of objective physical findings to substantiate petitioner's complaints of pain and his review of petitioner's job description, Cambareri testified that petitioner was not permanently incapacitated from performing his duties as a maintenance worker (*see, Matter of Condo v McCall*, 269 AD2d 676; *Matter of Guerra v McCall*, 255 AD2d 684). Although petitioner claims that respondent should have credited the contradictory medical evidence indicating that he was permanently incapacitated from his employment, it was within respondent's exclusive authority to evaluate the differing medical opinions by rejecting petitioner's medical evidence (*see, Matter of Giebner v McCall*, 270 AD2d 705; *Matter of Moore v McCall*, 261 AD2d 767).

Cardona, P. J., Mercure, Graffeo and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.