■ In the Matter of JAMES E. CURTIS, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [722 NYS2d 116] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a detective in the Village of Lynbrook Police Department in Nassau County who had been on sick leave for approximately two years, was shot in the head with his own gun by Charles Davis who, as a result thereof, was convicted of several crimes, including attempted murder. Contending that he was engaged in police duties at the time of the shooting, petitioner applied for accidental disability retirement benefits. After a hearing, respondent Comptroller denied the application in a determination which petitioner challenges in this CPLR article 78 proceeding.

Petitioner has no memory of the events surrounding the shooting. It is undisputed that, prior to the incident, he had spent at least five hours in a tavern playing darts and drinking beer and that, upon his admission to the hospital after the shooting, his blood alcohol level was found to be 0.16%. There is also general agreement that the incident began as a result of a malfunctioning headlight on Davis' vehicle. Davis testified that, because of the malfunction, he was driving to work in the early morning with his high beams on when the vehicle in front of him pulled over, then pulled out behind him and began to flash its high beams. According to Davis, he pulled over and

petitioner stopped next to him, began to curse, using racial slurs, and told him to get his lights fixed. Davis testified that petitioner appeared to be intoxicated and, therefore, to avoid any further confrontation, he told petitioner he would get the lights fixed and he then proceeded toward his workplace, but petitioner continued to follow him. After Davis parked his vehicle at his workplace, petitioner confronted him with his gun drawn and the incident escalated into the shooting.

The officer who investigated the shooting discovered that Davis' license had been suspended and that he was in violation of parole for which a warrant had been issued. The investigating officer concluded that, pursuant to CPL 140.10, petitioner lawfully stopped Davis for the broken headlight and then became suspicious when Davis drove off. Accordingly, the officer opined that petitioner was engaged in police duties during the incident. The Village of Lynbrook Police Chief testified that off-duty officers, including those on sick leave, were authorized to exercise statutory police powers. He further testified, however, that enforcement of traffic laws was not part of a detective's normal duties, that a police officer would not be permitted to go on duty with a blood alcohol level of 0.16% and that no one who is intoxicated should be using a vehicle to pursue another vehicle.

The Comptroller is vested with exclusive authority to determine all applications for retirement benefits, including the question of whether an accidental injury was sustained while in service, and if supported by substantial evidence, the determination must be upheld, despite the existence of substantial evidence that could arguably support a contrary result (see, Matter of Spencer v New York State & Local Employees' Retirement Sys., 220 AD2d 792). In the case of a police officer who is shot, the question of whether the injury was the result of an accident sustained while in service has been found to depend upon whether the officer was engaged in police duties when the shooting occurred (see, Matter of Robinson v New York State & Local Police & Fire Retirement Sys., 192 AD2d 951; Matter of Ramsden v Regan, 91 AD2d 773, lv denied 58 NY2d 609). In this case, petitioner claimed that, although off duty, he lawfully engaged in a police duty when he stopped Davis for the broken headlight and that he continued in such duty throughout his pursuit of Davis which culminated in the shooting. According to the New York State and Local Police and Fire Retirement System, however, the incident began and escalated into the confrontation at Davis' workplace solely as the result of a personal agenda developed by petitioner and fu-

eled at least in part by his intoxication. Our review of the record discloses substantial evidence which supports this conclusion and, therefore, there is no basis to disturb the Comptroller's determination that petitioner did not sustain an accident while in service.*

Crew III, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* While we recently affirmed a decision of the Workers' Compensation Board which ruled that petitioner's injury arose out of and in the course of his employment (*Matter of Curtis v Village of Lynbrook*, 277 AD2d 752), the Board's decision does not bind the Comptroller (*see, e.g., Matter of Knight v New York State & Local Employees' Retirement Sys.*, 266 AD2d 774, 776; *see also, Matter of Balcerak v County of Nassau*, 94 NY2d 253).