■ In the Matter of HENRY MICHALCZYK, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS, Respondent. [730 NYS2d 380] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's request for accidental disability retirement benefits.

Petitioner was employed in the job title of Security Hospital Supervising Treatment Assistant at a State psychiatric center

when he sustained injuries as the result of two falls. His subsequent application for accidental disability retirement benefits was denied by the Comptroller giving rise to this CPLR article 78 review proceeding.

According to petitioner's hearing testimony, his first fall occurred on February 3, 1997 at approximately 6:45 A.M. as he was walking across an icy parking lot on his way to work. Petitioner further testified that the process of reporting to work at the psychiatric center involved passing through a metal detector, showing identification and obtaining keys, none of which steps had been taken at the time of his fall. This Court has repeatedly held that an employee who is injured before reporting for work is not eligible for accidental disability retirement benefits because he or she was not "in service" when the injuries were sustained (*see, Matter of Eckerson v New York State & Local Retirement Sys.*, 270 AD2d 705, *lv denied* 95 NY2d 756; *Matter of Farley v McCall*, 239 AD2d 779, 780, *lv denied* 90 NY2d 807; *Matter of Mascolino v McCall*, 213 AD2d 960). As petitioner had not yet reported for work at the time of his fall, substantial evidence supports the determination denying his claim for benefits.

Petitioner's second fall occurred mid-morning on August 18, 1997 when he slipped and fell while descending a flight of stairs at his work place in the course of making his daily inspection rounds. Petitioner's hearing testimony established that he had routinely used the stairs without incident on a daily basis prior to his fall. It was further established that the stairs were clean and unobstructed at the time of petitioner's fall. We agree with the Comptroller's ruling that this mishap was not the product of an "accident" which, within the context of the Retirement and Social Security Law, has been defined as "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222). Given petitioner's routine use of the stairs in performing his daily employment duties, his fall cannot be construed as the result of an extraordinary or unexpected event; hence, it was properly found to result from his own misstep and not the type of accident that would render him eligible for benefits (*see*, Retirement and Social Security Law § 63; *see also, Matter of Mariuz v McCall*, 282 AD2d 918; *Matter of Tuper v McCall*, 259 AD2d 941; *Matter of Kazmierczak v McCall*, 252 AD2d 728, 729, *lv denied* 92 NY2d 813; *Matter of Lisa v McCall*, 234 AD2d 703).

We conclude that substantial evidence supports the Comp-

troller's determination. The remaining issues raised herein have been reviewed and found to be without merit.

Cardona, P. J., Crew III, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs and petition dismissed.