■ In the Matter of WYLIE J. CRISANTI, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [754 NYS2d 726] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, formerly an associate social services management specialist for the Department of Social Services in its office in the City of Syracuse, Onondaga County, was responsible for,

inter alia, auditing the records of certain Medicaid providers. Petitioner was also involved in a project reviewing New York City providers which involved numerous trips to that area including overnights. In the event that a provider challenged the results of an audit, petitioner was required to assist the Social Services attorney in preparing for the administrative hearing. In July 1991, petitioner was directed to travel to the New York City area to testify at certain hearings. On the evening of July 18, 1991, after a full day at a hearing, petitioner and a Social Services attorney, John Darling, arranged to meet another auditor at a New York City restaurant in order to obtain information needed to prepare for the ongoing hearing. As the group seated themselves in the restaurant, petitioner's chair collapsed, causing him to fall on the stone pavement. Although petitioner sustained injuries to his back and hip that ultimately required surgery, he was able to sit through the business dinner and engage in work-related discussions.

Following the incident, petitioner filed an application for accidental disability retirement benefits pursuant to Retirement and Social Security Law article 14, which was denied. At the ensuing hearing, the attorney for the New York State and Local Employees' Retirement System conceded that petitioner was disabled from the performance of his duties and the July 18, 1991 incident constituted an "accident" under the law. Therefore, the only issue was whether the accident occurred in the performance of petitioner's duties. Subsequent to the hearing, the Hearing Officer, inter alia, made a finding that petitioner was not in service at the time of the incident since he "was not actually nor actively performing any duty for his employer at the time of the accident." Thereafter, with minor modifications, respondent adopted the Hearing Officer's findings of fact and conclusions of law and denied petitioner's application. This CPLR article 78 proceeding ensued.

Respondent's determination that the incident was not an accident sustained in the performance of petitioner's job duties is not supported by substantial evidence. It is uncontradicted that the dinner was work-related and petitioner's attendance was specifically required by Darling. At the time of the accident, the participants had all arrived and were seating themselves. Unlike the cases cited by respondent (*see e.g. Matter of Cossifos v New York State & Local Employees' Retirement Sys.*, 275 AD2d 879; *Matter of Eckerson v New York State & Local Retirement Sys.*, 270 AD2d 705, *lv denied* 95 NY2d 756; *Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792, 793), "the evidence here conclusively

establishes that petitioner sustained his claimed injury at a time when he was indeed performing his job duties" (*Matter of De Zago v New York State Police & Firemen's Retirement Sys.*, 157 AD2d 957, 958). Notably, the fact that petitioner's chair collapsed before the discussions actually began is not a dispositive factor under the particular circumstances herein.

Crew III, Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.