■ In the Matter of DENIS C. WALDRON, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [755 NYS2d 479] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a sergeant with the police department of the Village of Briarcliff Manor in Westchester County, was injured just after his shift ended, when he was removing his personal firearm from his locker and it unexpectedly discharged. Thereafter, petitioner filed an application for accidental disability retirement benefits. Following the initial denial of the application, petitioner requested a hearing and redetermination. At the conclusion of the hearing, the Hearing Officer denied the application finding that the incident was not caused by and did not occur during the course of petitioner's job duties. Respondent upheld the denial and this CPLR article 78 proceeding ensued.

We confirm. Initially, it is well settled that respondent is "vested with exclusive authority to determine all applications for retirement benefits, including the question of whether an accidental injury was sustained while in service, and if supported by substantial evidence, the determination must be upheld, despite the existence of substantial evidence that could arguably support a contrary result" (*Matter of Curtis v New York State Comptroller*, 281 AD2d 780, 781). Notably, this Court has upheld the denial of benefits to petitioners who were injured either before or after their work shifts or while on break on the basis that they were not in service at the time of such incidents (*see e.g. Matter of Michalczyk v New York State & Local Retirement Sys.*, 286 AD2d 852; *Matter of Eckerson v New York State & Local Retirement Sys.*, 270 AD2d 705, *lv denied* 95 NY2d 756; *Matter of Di Guida v McCall*, 244 AD2d 756).

In the case at hand, petitioner testified that his replacement arrived a few minutes before 8:00 A.M., when his shift officially ended, and that he briefed her of the night's events prior to going to his locker. He testified that, while still in uniform, he went into the locker room to retrieve his personal firearm from his locker when it unexpectedly discharged at approximately 8:05 A.M. or 8:10 A.M. He indicated that he was retrieving the firearm for the purpose of taking it with him on a personal trip to New York City. Because the incident in question occurred after petitioner's tour of duty had ended and he was retrieving the weapon for purely personal reasons, substantial evidence supports respondent's finding that petitioner was not in service at the time he was injured (*see e.g. Matter of Spencer v New York State & Local Empl. Retirement Sys.*, 220 AD2d 792). Although petitioner maintains that he was still on duty at the time of the incident because he was awaiting information to complete a report, there is no indication that petitioner's completion of the report was mandatory. Furthermore, petitioner's reliance on *Matter of De Zago v New York State Police & Firemen's Retirement Sys.* (157 AD2d 957) is misplaced inasmuch as that case is factually distinguishable from the situation at hand. Therefore, we decline to disturb respondent's determination.

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.