■ In the Matter of ROY P. JETTER, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, et al., Respondents. [773 NYS2d 496]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for in-service disability retirement benefits.

Petitioner, a State Police investigator, injured his back in October 1992 while lifting a briefcase from the trunk of his assigned vehicle, and his subsequent application for disability retirement benefits ultimately was approved in March 1998. Upon discovering that he had been awarded benefits under Retirement and Social Security Law § 363-b (b) (2) (b), as opposed to the more favorable "in-service" benefits awarded under Retirement and Social Security Law § 363-b (b) (2) (a), petitioner sought and obtained a hearing to determine his eligibility for in-service benefits. Respondent Comptroller ruled against petitioner, prompting petitioner to commence a proceeding pursuant to CPLR article 78 to annul the Comptroller's determination. Upon review, this Court granted petitioner's application, finding that the record as a whole contained insufficient information to make a reasoned determination as to the in-service issue and remitted the matter for a further hearing on that point (Matter of Jetter v McCall, 288 AD2d 591 [2001]). Following a second administrative hearing, petitioner's request for in-service benefits again was denied, and this proceeding pursuant to CPLR article 78 ensued.

It is well settled that the Comptroller is vested with exclusive authority to determine all applications for retirement benefits, including the issue of whether an applicant sustained an accidental injury while "in service," and such determination, if supported by substantial evidence in the record as a whole, must be upheld (see Matter of Curtis v New York State Comptroller, 281 AD2d 780, 781 [2001]). Here, in support of his applica-

tion for in-service benefits, petitioner contends that he was "on duty" from the moment he began his commute to work, noting that he was operating an assigned police vehicle, traveling with his weapon, handcuffs, badge and identification, monitoring radio traffic and was available to respond to a call for assistance should the need arise. Petitioner also observes that he was on the employer's premises when his injury occurred, having parked in his assigned spot in a secured lot. The fact remains, however, that petitioner's injury occurred prior to the start of his scheduled 11:00 A.M. to 7:00 P.M. shift, and this Court has upheld a finding that an employee was not in service where, as here, the injury occurred prior to or after the employee's scheduled shift or while such employee was on a break (*see Matter of Waldron v McCall*, 302 AD2d 742 [2003], *lv denied* 100 NY2d 503 [2003]; *Matter of Michalczyk v New York State & Local Retirement Sys.*, 286 AD2d 852 [2001]; *Matter of Eckerson v New York State & Local Retirement Sys.*, 270 AD2d 705 [2000], *lv denied* 95 NY2d 756 [2000]; *Matter of Farley v McCall*, 239 AD2d 779 [1997], *lv denied* 90 NY2d 807 [1997]). Additionally, the record as a whole does not support petitioner's current claim that he was paid for the time he spent commuting to work (*see Matter of Cossifos v New York State & Local Employees' Retirement Sys.*, 275 AD2d 879 [2000]). Finally, the fact that petitioner was monitoring radio traffic and could have been summoned to assist fellow officers prior to the start of his shift does not alter the Comptroller's determination that petitioner was not in service when his injury occurred (*see id.*; *Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792 [1995]; *Matter of Pucillo v Regan*, 98 AD2d 877 [1983], *affd* 62 NY2d 736 [1984]). Accordingly, we are unable to discern any basis for disturbing the Comptroller's determination.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.