■ In the Matter of BELKIS M. MENDEZ, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [937 NYS2d 752]—

McCarthy, J.

We confirm. Pursuant to Retirement and Social Security Law § 363-c (b) (1), to be entitled to performance of duty disability retirement benefits, an applicant must establish that he or she is "[p]hysically or mentally incapacitated for performance of duty as the natural and proximate result of a disability . . . sustained in such service." To that end, petitioner presented her testimony, her medical records and the testimony of psychologist Alan Goldstein. Goldstein opined that petitioner suffers from a permanent major depressive disorder that prevents her from performing both the regular duties of a police officer and the light duty tasks that petitioner had been assigned. Goldstein testified that he was not asked to give an opinion as to causation, but stated that petitioner blamed various events in her life, including the death of her nephew, a prior romantic relationship with a fellow police officer during which she was subjected to incidents of domestic violence, as well as trouble with coworkers and stress on the job.* He further testified that he could not determine, however, if the trouble with coworkers and stress at work caused her condition or was the result of it. Petitioner herself testified that she had trouble at work dealing with fellow police officers and with cases of domestic violence due to her own experiences, but did not testify that her disability was sustained in the performance of her job duties. A review of petitioner's medical records reveals that, although her various medical experts diagnosed her with major depression, they did not make a causal link between the condition and her employment.

The New York State and Local Police and Fire Retirement

---

* To the extent that petitioner claims that the domestic violence was work-related due to the perpetrator being a fellow police officer, there is nothing in the record linking the alleged violence to the performance of petitioner's job duties.

System presented the report of Robert Conciatori, a psychiatrist who examined petitioner at its request and reviewed her medical records. Conciatori diagnosed petitioner as suffering from major depressive disorder and posttraumatic stress disorder. He concluded, however, that petitioner's condition "stems from personal trauma and nothing in connection with her police work." In light of this opinion, and the lack of any medical opinion directly linking petitioner's condition to her employment, substantial evidence supports respondent's determination that petitioner's condition was not attributable to her employment (*see Matter of Van Hasselt v New York State & Local Police & Fire Retirement Sys.*, 299 AD2d 687, 688-689 [2002]; *Matter of Sepanara v New York State & Local Employees' Retirement Sys.*, 272 AD2d 830, 830 [2000]).

Petitioner's remaining contention, that she is permanently disabled from performing even the restricted job duties, is rendered academic by this decision (*see Matter of Eddie v DiNapoli*, 72 AD3d 1326, 1327 [2010]).

Mercure, A.P.J., Rose, Spain and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.