*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                    518445
_____

In the Matter of ROBERT E.
    HOEHN JR.,
                    Petitioner,

        v                                        MEMORANDUM AND JUDGMENT

NEW YORK STATE COMPTROLLER
    et al.,
                    Respondents.
_____

Calendar Date:  October 7, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Clark, JJ.

                    _____


        Edelstein & Grossman, New York City, (Jonathan I. Edelstein
of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Paul
Groenwegen of counsel), for respondents.

                    _____


Lahtinen, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller which denied
petitioner's applications for performance of duty and accidental
disability retirement benefits.

        Petitioner, a police detective, was driving home from work
after his shift in May 2010 at around 5:30 p.m. when he came upon
a disabled vehicle causing a backup on a heavily traveled
roadway.  He parked his car in the median, identified himself as
a police officer and, with petitioner positioned near the
steering wheel and the motorist behind the car, the two attempted

to push the car up a slight incline onto the median. After an unsuccessful first attempt, the two began to push again and, as the car rolled backwards, petitioner slipped and lost his balance, causing him to rupture his Achilles tendon. Petitioner subsequently applied for both performance of duty and accidental disability retirement benefits. Those applications were denied, prompting him to request a hearing and redetermination. Following a hearing, the Hearing Officer upheld the denials, finding both that petitioner was not in service at the time of his injury and that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Respondent Comptroller (hereinafter respondent) accepted the Hearing Officer's decision,[1] and petitioner thereafter commenced this CPLR article 78 proceeding.

Petitioner first contends that respondent erred in determining that he was not in service at the time of his injury. Undoubtedly, the authority to determine applications for retirement benefits is vested with respondent, including whether an applicant was in service when an injury was suffered, but such decision must be supported by substantial evidence to be sustained (see Matter of Welch v Hevesi, 32 AD3d 564, 564 [2006]; Matter of Jetter v Hevesi, 5 AD3d 941, 941 [2004]). The determination with respect to whether an applicant was in service turns on whether he or she was performing job duties at the time of the injury (see Matter of Crisanti v McCall, 302 AD2d 672, 673-674 [2003]; Matter of De Zago v New York State Police & Firemen's Retirement Sys., 157 AD2d 957, 958 [1990]). Here, petitioner testified without contradiction that he had been

---

[1] While the Hearing Officer's decision denied both petitioner's performance of duty and accidental disability retirement benefit applications, respondent's determination stated that the only application before the Hearing Officer was that for accidental disability retirement benefits and affirmed only to that extent. However, the parties have stipulated that this Court's determination with respect to whether petitioner was injured in the course of performing his duties will be dispositive of his application for performance of duty disability retirement benefits.

instructed by the police department to respond to any type of emergency situation, whether or not he was on duty. He further testified that, given that it was rush hour on a well-traveled highway, it was necessary for him to render assistance to prevent an accident or an injury to a pedestrian. Petitioner's supervisor also testified that officers in the department were instructed to assist the public at any time, and that the activity that petitioner undertook would have been expected of him. Accordingly, respondent's determination that petitioner was not in service at the time of his injury was not supported by substantial evidence and petitioner is entitled to performance of duty disability retirement benefits (see Matter of Crisanti v McCall, 302 AD2d at 673-674; Matter of De Zago v New York State Police & Firemen's Retirement Sys., 157 AD2d at 958; compare Matter of Welch v Hevesi, 32 AD3d at 564 [even though on duty, the petitioner not in service when "engaged in personal activity rather than performing work duties"]; Matter of Economico v New York State & Local Police & Fire Retirement Sys., 7 AD3d 913, 914 [2004], lv denied 3 NY3d 611 [2004] [the petitioner not in service when engaged in personal activity during lunch break]; Matter of Waldron v McCall, 302 AD2d 742, 743 [2003], lv denied 100 NY2d 503 [2003] [the petitioner not in service when retrieving weapon for purely personal reasons]).

Turning to respondent's determination that petitioner is not entitled to accidental disability retirement benefits, we confirm. Petitioner bore the burden of demonstrating his entitlement to benefits by demonstrating that the injury-causing incident was "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Cavallo v DiNapoli, 117 AD3d 1366, 1367 [2014] [internal quotation marks and citations omitted]). By contrast, an incident will not be considered accidental when it results from an event that arises during the performance of routine employment duties and is expected or foreseeable (see Matter of DiGiacomo v DiNapoli, 115 AD3d 1138, 1139 [2014]; Matter of Rodriquez v DiNapoli, 110 AD3d 1125, 1126 [2013]). Here, both petitioner and his supervisor related that pushing a disabled vehicle off the road was the type of activity normally undertaken by a police officer, and a vehicle rolling back down an incline cannot be said to be unexpected. To the extent that petitioner now contends that the

cause of the vehicle rolling backward can be attributed to the fact that the motorist unexpectedly stopped pushing to receive a phone call, we note that the incident reports by both petitioner and the motorist did not depict the events as such and that the discrepancy between the reports and petitioner's testimony is properly resolved by respondent (see Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1069 [2013], lv denied 21 NY3d 855 [2013]; Matter of Carpiniello v DiNapoli, 88 AD3d 1045, 1046 [2011]).[2]  Accordingly, respondent's determination denying accidental disability retirement benefits is supported by substantial evidence (see Matter of Bennett v DiNapoli, 119 AD3d 1310, 1311 [2014]; Matter of Pufahl v Murray, 111 AD3d 1050, 1051 [2013]).

Stein, McCarthy, Rose and Clark, JJ., concur.


ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner ineligible to receive performance of duty disability retirement benefits; petition granted to that extent and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  We further note that, in his report of the incident, the motorist noted that petitioner stated that he had "hurt this ankle in the past and that he was going to have surgery on it."