Matter of Verille v Gardner (2019 NY Slip Op 07981)





Matter of Verille v Gardner


2019 NY Slip Op 07981


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

529070

[*1]In the Matter of Joseph A. Verille, Petitioner,
v
Colleen Gardner, as Executive Deputy Comptroller, Respondent.

Calendar Date: October 17, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Baker, Leshko, Saline & Drapeau, LLP, White Plains (Anthony C. Saline of counsel), for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner's applications for accidental and performance of duty disability retirement benefits.
In October 2013, petitioner, a police detective, filed applications for accidental and performance of duty disability retirement benefits alleging, insofar as is relevant here, that he sustained disabling injuries to his neck and left wrist as the result of incidents occurring in 1980, 2003, 2011 and 2012. Petitioner's applications were denied upon various grounds, including that the 2012 incident did not "occur during the course of [petitioner's employment] duties" and that the disability at issue was not "the natural and proximate result of an incident sustained in . . . service." A hearing ensued, during the course of which petitioner withdrew the 2003 and 2011 incidents from consideration, and the New York State and Local Police and Fire Retirement System conceded that the 1980 incident constituted an accident and, further, that petitioner was permanently incapacitated from the performance of his duties due to injuries sustained to his cervical spine and left wrist. Hence, the issues distilled to whether the 2012 incident (or accident) occurred in service and, if so, whether petitioner's disability was the natural and proximate result thereof. The Hearing Officer upheld the denial of petitioner's respective applications, finding, among other things, that the 2012 incident did not occur while petitioner was in service or otherwise performing the duties of his employment. The Comptroller adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination.
To be entitled to either accidental or performance of duty disability retirement benefits, petitioner bore the burden of establishing that his incapacitation from the performance of his duties was "the natural and proximate result" of an accident or a disability that was "sustained in such service" (Retirement and Social Security Law §§ 363 [a] [1]; 363-c [b] [1]; see Matter of Whipple v New York State & Local Retirement Sys., 126 AD3d 1282, 1283 [2015], lv denied 26 NY3d 912 [2015]; Matter of Mendez v DiNapoli, 92 AD3d 1075, 1076 [2012]). Resolution of the "threshold issue" of whether petitioner was in service at the time that his injury occurred (Matter of Heidelmark v New York State & Local Employees' Retirement Sys., 159 AD3d 1326, 1327 [2018]) "turns on whether he . . . was performing job duties at the time of the injury" (Matter of Hoehn v New York State Comptroller, 122 AD3d 984, 985 [2014]). "[T]he authority to determine applications for retirement benefits is vested with [the Comptroller], including whether an applicant was in service when an injury was suffered" (Matter of Hoehn v New York State Comptroller, 122 AD3d at 985), and such determination, if supported by substantial evidence, will not be disturbed (see Matter of Welch v Hevesi, 32 AD3d 564, 564 [2006], citing Matter of Waldron v McCall, 302 AD2d 742, 743 [2003], lv denied 100 NY2d 503 [2003]).
Petitioner testified that he left work on the day in question — prior to the end of his scheduled shift — in order to meet with a civilian who wished to file a harassment complaint against an unidentified member of the police department where petitioner was employed.[FN1] Petitioner further testified that, while en route to meet with the civilian, and in his capacity as the department's only internal affairs officer, he was involved in a motor vehicle accident that resulted in a fractured left wrist and an exacerbation of a neck injury originally sustained in 1980. Owing to what petitioner characterized as the confidential and sensitive nature of his planned meeting with the civilian, he did not maintain any notes or file any report with respect thereto. Petitioner did, however, file a C-3 workers' compensation claim form, wherein he indicated that he was "driving home" at the time that the accident occurred, and the employer's report of injury form similarly indicated that petitioner was "traveling to his residence" when he collided with another motor vehicle.
Although petitioner pointed out that the accident occurred just past the exit he would have taken had he been heading to his residence and reiterated that he did not disclose the nature of his planned meeting because the target of the civilian complaint "could have been any number of people, including the police commissioner," the conflict between petitioner's hearing testimony and the documentary evidence presented a credibility issue for the Hearing Officer and the Comptroller to resolve (see Matter of Bodenmiller v DiNapoli, 157 AD3d 1120, 1122 [2018]; Matter of Zekus v Gardner, 155 AD3d 1297, 1297-1298 [2017]; Matter of Spencer v New York State & Local Employees' Retirement Sys., 220 AD2d 792, 794 [1995]). To the extent that petitioner relies upon the fact that he was awarded benefits under General Municipal Law § 207-c, which necessarily required a finding that he was "injured in the performance of his . . . duties" (General Municipal Law § 207-c [1]), we note that the benefits conferred under Retirement and Social Security Law § 363 or § 363-c and General Municipal Law § 207-c "represent separate disability systems with differing coverage and consequences" (Matter of Cook v City of Utica, 88 NY2d 833, 835 [1996] [internal quotation marks and citation omitted]; accord Matter of McKay v Village of Endicott, 113 AD3d 989, 990 [2014], lv dismissed 23 NY3d 1015 [2014]). As a result, the findings made by either the Comptroller or the municipality under one statutory scheme are not binding upon the other (see id.). As there is substantial evidence to support the finding that petitioner was not in service at the time of the 2012 incident, the Comptroller's determination that petitioner was, therefore, not entitled to accidental or performance of duty disability retirement benefits will not be disturbed (see Matter of Spencer v New York State & Local Employees' Retirement Sys., 220 AD2d at 794; Matter of Nappi v Regan, 186 AD2d 855, 855 [1992], lv denied 81 NY2d 703 [1993]; compare Matter of Hoehn v New York State Comptroller, 122 AD3d at 985-986). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although the record reveals some minor discrepancies as to the precise time that the accident occurred and, hence, whether it occurred prior to the end of petitioner's scheduled shift, we do not view any inconsistencies in this regard as dispositive.