Matter of Rosario v New York State Comptroller (2019 NY Slip Op 09079)





Matter of Rosario v New York State Comptroller


2019 NY Slip Op 09079


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528997

[*1]In the Matter of Eric A. Rosario, Petitioner,
v
New York State Comptroller et al., Respondents.

Calendar Date: November 21, 2019

Before: Garry, P.J., Egan Jr., Lynch and Devine, JJ.


Fusco, Brandenstein & Rada, PC, Woodbury (John Hewson of counsel), for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondents.



Devine, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for performance of duty disability retirement benefits.
In December 2013, petitioner, a state park police officer, filed an application for performance of duty disability retirement benefits alleging that he was permanently incapacitated from the performance of his duties as a result of a slip and fall on his employer's premises. Respondent New York State and Local Police and Fire Retirement System denied petitioner's application for his failure to establish permanent incapacitation, and petitioner requested a hearing and redetermination. Following that hearing, a Hearing Officer upheld the denial upon the ground that petitioner was not in service at the time he suffered his injuries. Respondent Comptroller accepted the findings and conclusions of the Hearing Officer, and this CPLR article 78 proceeding ensued.
Petitioner bore the burden of proving that he was "[p]hysically or mentally incapacitated [from] performance of duty as the natural and proximate result of a disability . . . sustained in such service" (Retirement and Social Security Law § 363-c [b] [1]; see Matter of Seman v DiNapoli, 159 AD3d 1324, 1325 [2018]; Matter of Volpe v Murray, 112 AD3d 1054, 1054 [2013]), and whether he "was in service turns on whether he
. . . was performing job duties at the time of the injury" (Matter of Hoehn v New York State Comptroller, 122 AD3d 984, 985 [2014]; see Matter of Thompson v DiNapoli, 161 AD3d 1421, 1423 [2018]). The Comptroller is vested with the exclusive authority to determine all applications for retirement benefits, including whether an injury was sustained while in service, and that determination will be upheld if supported by substantial evidence (see Matter of Hoehn v New York State Comptroller, 122 AD3d at 985).
Contrary to petitioner's contention, the Retirement System did not waive the issue of whether his injury was incurred while in service. Although the Retirement System did not initially frame the issues before the Hearing Officer to include whether petitioner was in the performance of his duties at the time of the incident, the Retirement System made no concession on this point. Petitioner's testimony at the hearing then made apparent that he was actually on his way into work at the time of his injury, not "on duty and at work" as he stated in his application for benefits. After petitioner's testimony, the Retirement System promptly indicated that they took issue with whether petitioner was in fact in service when he slipped and fell, to which petitioner took no exception. Thus, it remained petitioner's burden to prove this threshold issue (see Matter of Heidelmark v New York State & Local Employees' Retirement Sys., 159 AD3d 1326, 1327 [2018]; see also Matter of Lattanzi v McCall, 210 AD2d 729, 729 [1994]).
Petitioner's own testimony establishes that he slipped and fell on icy stairs on his way into work prior to the start of his shift, and we have upheld findings that an employee who is injured before reporting for work and commencing his or her duties is not "in service" when the injuries were sustained (see Matter of Jetter v Hevesi, 5 AD3d 941, 941-942 [2004]; Matter of Michalczyk v New York State & Local Retirement Sys., 286 AD2d 852, 853 [2001]; compare Matter of De Zago v New York State Police & Firemen's Retirement Sys., 157 AD2d 957, 957-958 [1990]). The Comptroller's determination that petitioner was not in service at the time he sustained his injury is accordingly supported by substantial evidence, and we decline to disturb it.
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.