Matter of Gilden v DiNapoli (2020 NY Slip Op 02848)





Matter of Gilden v DiNapoli


2020 NY Slip Op 02848


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

530263

[*1]In the Matter of Jarrett Gilden, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, et al., Respondents.

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Shaw & Shaw, PC, Hamburg (Blake Zaccagnino of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
On January 28, 2012, claimant was working as a deputy sheriff assigned to supervise inmates at a county correctional facility. He arrived before the start of his 7:00 a.m. shift and, while walking across the parking lot toward the facility, he slipped and fell on ice, injuring his right leg. He was placed in the back seat of a patrol car and was transported to the hospital by a coworker. While en route to the hospital, claimant was involved in a motor vehicle accident when the coworker lost control of the patrol car and it went off the road, resulting in further injuries to claimant's leg. On October 16, 2015, claimant was again working at the correctional facility and was escorting a group of inmates to their housing units when he heard a verbal alteration from behind. As he turned around to address the inmates, he slipped and injured his lower back.
Claimant filed an application for accidental disability retirement benefits as a result of the injuries he sustained to his right leg and lower back. His application was denied by respondent New York State and Local Employees' Retirement System on the ground that the incidents that occurred on January 28, 2012 and October 16, 2015 did not constitute accidents within the meaning of the Retirement and Social Security Law. Following a hearing, a Hearing Officer concluded, among other things, that claimant demonstrated that the January 28, 2012 motor vehicle accident was an accident within the meaning of the Retirement and Social Security Law, and remitted the matter for further proceedings. On administrative appeal, respondent Comptroller reversed the Hearing Officer's determination and found that claimant was not in service at the time of the January 28, 2012 incidents and that the October 16, 2015 incident was not an accident within the meaning of the Retirement and Social Security Law. Claimant commenced this proceeding pursuant to CPLR article 78 challenging the Comptroller's determination.
We confirm. In order to be entitled to accidental disability retirement benefits, the burden is on the applicant to demonstrate that his or her incapacitation was "the natural and proximate result of an accident . . . sustained [while] in service" (Matter of Verille v Gardner, 177 AD3d 1068, 1069 [2019] [internal quotation marks and citations omitted]; see Retirement and Social Security Law § 363 [a] [1]; 605 [b] [3]). "[W]hether an applicant was in service turns on whether he or she was performing job duties at the time of the injury" (Matter of Hoehn v New York State Comptroller, 122 AD3d 984, 985 [2014]; see Matter of Verille v Gardner, 177 AD3d at 1069). Significantly, the Comptroller is vested with the authority to make this determination, and such determination will be upheld if supported by substantial evidence (see Matter of Verille v Gardner, 177 AD3d at 1069; Matter of Hoehn v New York State Comptroller, 122 AD3d at 985; Matter of Welch v Hevesi, 32 AD3d 564, 564 [2006]).
Tuning to the January 28, 2012 incidents, the record reveals that petitioner was not in service at the time that they occurred. Unrefuted testimony was presented that claimant fell in the icy parking lot while he was walking toward the facility prior to the start of his scheduled shift. This Court has upheld the Comptroller's denial of benefits where the applicant was injured before or after a scheduled shift, or while on break (see e.g. Matter of Welch v Hevesi, 32 AD3d at 564; Matter of Waldron v McCall, 302 AD2d 742, 743 [2003], lv denied 100 NY2d 503 [2003]; Matter of Michalczyk v New York State & Local Retirement Sys., 286 AD2d 852, 853 [2001]). As for the injuries sustained by petitioner in the subsequent motor vehicle accident, the accident occurred outside of work while petitioner was being transported to the hospital. Notably, he was charged eight hours of accrued time because he missed work that day. Given that petitioner was not performing his work duties during either of these incidents, substantial evidence supports the Comptroller's finding that petitioner was not in service.
Turning to the October 16, 2015 incident, claimant testified that, when he heard the verbal confrontation among the inmates, he turned, then "slipped and lost [his] footing." He looked down and noticed "a boot print on the floor," as well as some type of film. He did not, however, identify the substance or provide further detail as to manner in which his injury occurred. Given the sparse record, petitioner failed to meet his burden of demonstrating that his injury was the result of an accident, specifically "'a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (Matter of Stancarone v DiNapoli, 161 AD3d 144, 146 [2018], quoting Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]; see Matter of Selke v New York State Comptroller, 176 AD3d 1295, 1295-1296 [2019]), rather than his own misstep (see Matter of Cavallo v DiNapoli, 167 AD3d 1303, 1304-1305 [2018]). Accordingly, substantial evidence also supports the Comptroller's finding that the October 16, 2015 incident did not constitute an accident within the meaning of the Retirement and Social Security Law.
Garry, P.J., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.