In the Matter of DAVID COHEN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent, — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement. Petitioner was employed as a correction officer at the Taconic Correctional Facility, Bedford Hills, New York. On February 2, 1976, he fell from a swivel chair and sustained an injury which he contends left him permanently disabled. Hearings were conducted at which petitioner, as well as his attending and consulting medical experts, gave testimony. Upon the evidence developed at these hearings, respondent determined that petitioner suffered an accident on February 2, 1976 and thereafter became disabled from performing his duties as a correction officer. However, respondent further concluded that the existing disability was not a natural and proximate result of the accident of February 2, 1976, but was caused by a chronic back deformity which was aggravated by obesity. Accordingly, the sole issue before us is whether there is substantial evidence to support respondent's determination. The medical evidence was conflicting on the cause of petitioner's disability, and respondent simply chose to accept the testimony of the consulting orthopedic expert — a decison which he had the perfect right to make *(Matter of Caci v Levitt,* 62 AD2d 1101; *Matter of Goddeau v Levitt,* 56 AD2d 681). Nevertheless, petitioner asserts that since the consulting orthopedic expert was not made aware of the incident of February 2, 1976 when he examined petitioner on February 25, 1976, respondent has failed to consider the entire record and his determination cannot be founded on substantial evidence. This argument must be rejected. A careful reading of the medical testimony demonstrates that the incident of February 2, 1976 and the congenital deformity of petitioner's back were

factors considered by the orthopedic specialist in formulating his ultimate opinion. In our view, the required quantity and quality of proof is present in this record to support respondent's determination (cf. *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.