■ In the Matter of ROBERT KNOX, Petitioner, v NEW YORK

STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Respondent Comptroller denied petitioner's application for accidental disability retirement benefits with respondent New York State Policemen's and Firemen's Retirement System upon the ground that petitioner's September 25, 1985 accident was not the natural and proximate cause of his disability. Petitioner's only argument in this CPLR article 78 proceeding is that the Comptroller's determination is not supported by substantial evidence. We disagree.

Petitioner's orthopedic surgeon testified that the ankle injury of September 25, 1985 caused petitioner's entire condition and that he is permanently disabled from performing the duties of a police officer. In contrast, respondents' medical expert testified, without equivocation, that petitioner's disability was not related to the September 25, 1985 ankle injury. Instead, he attributed petitioner's disability to a preexisting degenerative condition of the ankle, together with obesity and hypertension. Thus, this matter presents nothing more than conflicting medical testimony concerning whether petitioner's accident was the natural and proximate cause of his disability. As this court has stated on many occasions, the Comptroller's evaluation of conflicting medical testimony must be accepted *(Matter of Leone v Regan,* 146 AD2d 869, 870; *Matter of Poormon v Regan,* 134 AD2d 659, 660; *Matter of Curley v Regan,* 102 AD2d 939; *Matter of Sica v New York State Employees' Retirement Sys.,* 75 AD2d 927, 928, *affd* 52 NY2d 941). Since the testimony of respondents' orthopedic specialist provides substantial evidence to support the Comptroller's determination, we must accept it.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.