■ In the Matter of ANTHONY NAPPI, Petitioner, v EDWARD REGAN, as Trustee of the New York State Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

While leaving the clinic where he was employed, petitioner, a physician, slipped and fell injuring his back. Although petitioner contends that at the time of his injury he was on his way to another facility to see a patient, the record also indicates that petitioner was going out to lunch with his friend. Testimony by petitioner and his supervisor also reveals that, on the day in question, petitioner's only duties involved diagnosing and treating patients at this particular clinic. The differing versions in the record merely presented a credibility question for respondent to resolve (see, Matter of Martinson v Regan, 176 AD2d 1121). On this record, there is substantial evidence to support respondent's determination that petitioner's accident did not occur in the course of his duties or while he was "in service" and, therefore, petitioner is not entitled to accidental disability retirement benefits (see, Matter of Cantello v Regan, 154 AD2d 867, 868; Matter of Marino v Regan, 117 AD2d 845, 846). The fact that petitioner was on call 24 hours a day does not compel a different result (see, Matter of Pucillo v Regan, 98 AD2d 877, affd 62 NY2d 736).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.