■ In the Matter of ALICE C. RENNER, Petitioner, v BROOME COUNTY, Respondent. [711 NYS2d 528] —Lahtinen, J. Proceeding

pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent which terminated petitioner's benefits under General Municipal Law § 207-c.

Petitioner was hired as a correction officer for the Broome County Sheriff's Department in September 1989. In July 1994 petitioner took a medical leave of absence claiming that she was disabled due to work-related stress brought on by an ongoing course of conduct by the Sheriff and other members of the Sheriff's Department which commenced upon the revelation of her pregnancy in the fall of 1992 and resumed upon her return to work in June 1993. Petitioner treated with a psychiatrist and a psychologist and was diagnosed as suffering from a chronic adjustment disorder with anxiety and depression. As a result of these illnesses, petitioner was awarded disability benefits pursuant to General Municipal Law § 207-c, retroactive to July 27, 1994. Pursuant to the provisions of General Municipal Law § 207-c (1), in August 1997 respondent had petitioner examined by a psychiatrist, Patrick Devitt. Devitt opined that petitioner suffered from chronic posttraumatic stress disorder and was capable of working as a law enforcement officer except for the Sheriff's Department or Broome County Security. Upon being informed by respondent that petitioner could work for Broome County Security at a special detail assignment where backup enforcement would be provided by a police agency other than the Sheriff's Department, Devitt modified his opinion, stating that she would not be disabled in such a position.

On December 2, 1997 petitioner was directed by the Sheriff to report to the Director of Broome County Security for work in the special detail assignment and advised that her failure to do so would result in termination of her General Municipal Law § 207-c benefits and possible disciplinary action. Petitioner refused the work assignment and the parties stipulated to the continuation of petitioner's General Municipal Law § 207-c benefits while administrative hearings were conducted to determine whether petitioner's disability was continuing. As a result of the initial hearing, the Hearing Officer concluded that petitioner was able to perform light duty within the meaning of General Municipal Law § 207-c in a location having minimal contact with the Sheriff's Department. As a result of a further hearing, the Hearing Officer held that the special detail assignment with Broome County Security constituted a light-duty assignment within the meaning of General Municipal Law § 207-c (3) and petitioner was directed to report for work on June 19,

1999. The Hearing Officer also ruled that petitioner's refusal to accept the light-duty assignment would render her ineligible for further benefits under General Municipal Law § 207-c.

Petitioner commenced this CPLR article 78 proceeding in Supreme Court which was transferred to this Court. She argues that the Hearing Officer's determination was unlawful, arbitrary and capricious insofar as it found that the special detail assignment offered petitioner constituted light duty under General Municipal Law § 207-c (3) and violated the proscriptions against her being transferred without her consent contained in General Municipal Law § 207-c (4) and Civil Service Law § 70.

General Municipal Law § 207-c (3) applies to correction officers of the sheriff's department of any county receiving full salary and benefits pursuant to General Municipal Law § 207-c (1). It provides, in pertinent part, that [any officer] who is: "unable to perform [her] regular duties as a result of such injury or sickness but is able * * * to perform specified types of light * * * duty * * * [shall perform such duties] if the same is available and offered to [her], provided, however, that such light duty shall be consistent with [her] status as a [correction officer]."

Petitioner claims that her special detail assignment, a security officer I position at a Broome County nursing home, would require her to perform duties inconsistent with her correction officer status and therefore cannot be classified as "light duty". She claims support for this argument in section 103 (6) of the Broome County Sheriff's Disability Procedure, then in effect, which defined light duty as "those regular duties which a deputy is capable of performing" and the listing and description of light-duty assignments attached to that document.

A review of that portion of the record containing the formal job description for both positions reveals a number of similarities between the duties of a correction officer and the less onerous duties of a security officer I: (1) both positions accord the employee "peace officer" status, (2) both positions require a high school or high school equivalency diploma as minimum qualifications, (3) both positions require the employee to watch for and report unusual occurrences or activities and prepare written reports related to this task, (4) both positions require the employee to patrol certain areas and look for activities which may pose a threat to the health and safety of persons or property, and (5) both positions may require the employee to be involved in transportation functions. Additionally, petitioner previously worked in a similar position in security for the

Broome County courts prior to her disability determination. The duties required of a security officer I are consistent with petitioner's status as a correction officer and meet the challenge of affording respondent "maximum flexibility in choosing [light duty] tasks consistent with the employee's physical capacity and the employer's needs" (*Matter of City of Cohoes v Uniform Firefighters*, 177 Misc 2d 242, 247, *mod* 258 AD2d 24, *affd* 94 NY2d 686). We also note petitioner would remain on the Sheriff's Department payroll, wear the same uniform, and maintain the same salary, benefits and union representation (*see, e.g., Matter of Sellstrom v City of Rye*, 143 AD2d 757). We find nothing unlawful or arbitrary in the light-duty assignment chosen for petitioner by respondent which accommodates the recommendation of respondent's medical expert that petitioner should have no contact with any member of the Sheriff's Department.

Lastly, petitioner contends that the special detail assignment with Broome County Security amounts to a transfer as defined in 4 NYCRR 1.2 (b) (1) which is prohibited without her consent by General Municipal Law § 207-c (4) and Civil Service Law § 70. These enactments prohibit the transfer of an employee between positions under different appointing authorities or to a position in a different title without his or her consent. No change in the appointing authority will occur since petitioner will remain under the jurisdiction of the Sheriff's Department as a security officer. Nor was petitioner's assignment as a security officer at the nursing home an improper change to a position in a different title, since petitioner's new duties do not involve out-of-title work (*see*, Civil Service Law § 61 [2]) and, absent such finding, there can be no transfer in violation of Civil Service Law § 70 (1) (*see, Matter of Fitzpatrick v Ruffo*, 110 AD2d 1032, *affd* 66 NY2d 647). We previously concluded that there were substantial similarities between the positions at issue and petitioner's duties as a security officer I that were consistent with her status as a correction officer. Given the facts and circumstances of this record, we find that the special detail assignment offered petitioner is not out-of-title work and cannot otherwise be deemed an improper transfer.

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.