■ In the Matter of ALEXANDER COSSIFOS, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [713 NYS2d 568] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's request for accidental disability retirement benefits.

Petitioner, a senior court officer, was eating lunch in the locker room at his employer's premises when another court officer inadvertently caused one of the lockers to fall, injuring petitioner. The Comptroller denied petitioner's application for accidental disability retirement benefits based upon a finding that petitioner was on his off-duty lunch break at the time of the accident and was therefore not in service when his injuries were sustained. Petitioner commenced this CPLR article 78 proceeding challenging the Comptroller's determination and the matter was subsequently transferred to this Court.

There is substantial evidence in the record to support the Comptroller's determination. The record indicates that the length of petitioner's lunch break varied from 45 minutes to two hours at the discretion of the court and that petitioner was not precluded from leaving the courthouse during his designated lunch period, provided that he returned to duty at the time indicated by the court. While petitioner claims that he was performing his job duties during his lunch break, the record reveals that petitioner was not paid for the period of time he spent eating lunch and that his presence in the courthouse during his break was not required by his employment. Under these circumstances, we find no reason to disturb the Comptroller's determination that petitioner was not in service at the time of the accident and, thus, was not entitled to accidental disability retirement benefits (see, Matter of Eckerson v New York State & Local Retirement Sys., 270 AD2d 705, lv denied 95 NY2d 756; Matter of Robinson v New York State & Local Police & Fire Retirement Sys., 192 AD2d 951; Matter of Nappi v Regan, 186 AD2d 855, lv denied 81 NY2d 703). The fact that petitioner was within the confines of the employer's premises at the time of the injury and could have been summoned to assist in a work-related matter while he was on his lunch break does not warrant a contrary finding (see, Matter of Nappi v Regan, supra; Matter of Triolo v New York State Employees' Retirement Sys., 118 AD2d 926).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.