[741 NYS2d 573]

In the Matter of RICHARD DE NOVIO, Appellant, v COUNTY OF
SCHENECTADY et al., Respondents.

Third Department, April 11, 2002

### APPEARANCES OF COUNSEL

*Christopher H. Gardner*, General Counsel, American Federation of State County Municipal Employees International, Albany (*Richard V. Stewart Jr.* of counsel), for appellant.

*Eliot Spitzer*, Attorney General, Albany (*William E. Storrs* of counsel), for H. Carl McCall, respondent.

*Roemer, Wallens & Mineaux L.L.P.*, Albany (*Elayne G. Gold* of counsel), for County of Schenectady and another, respondents.

### OPINION OF THE COURT

Spain, J.

In December 1991, while employed by respondent County of Schenectady as a correction officer with the Sheriff's Department, petitioner slipped on a wet floor and sustained injuries. Thereafter, petitioner, a member of tier IV of the State and Local Employees' Retirement System, was placed on disability and paid a benefit equal to his full salary pursuant to General Municipal Law § 207-c. Petitioner collected section 207-c benefits until May 1992, when he returned to work for approximately one month before reinjuring his back in the line of duty, at which time he again was granted and collected section 207-c full-salary benefits until he was ordered back to work on light-duty status in December 1996.

In November 1996, the County filed an application on petitioner's behalf, without his consent, for disability retirement benefits pursuant to Retirement and Social Security Law § 605 (hereinafter section 605 disability retirement). Respondent Comptroller approved the section 605 disability retirement application and the County thereafter ceased paying General Municipal Law § 207-c benefits to petitioner. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging the County's termination of his section 207-c benefits. Supreme Court found a rational basis for the County's determination to discontinue petitioner's section 207-c benefits and dismissed the petition. Petitioner appeals, and we now affirm.

General Municipal Law § 207-c requires municipal employers to pay a full-salary benefit to, among others, correction officers who sustain disabling injuries or illnesses in the performance of their duties. In pertinent part, the statute provides:

> "Payment of the full amount of regular salary or wages, as provided by subdivision one of this section, shall be discontinued with respect to any [qualified employee] who is permanently disabled as a result of an injury or sickness incurred or resulting from the performance of his duties if such [employee] is granted an accidental disability retirement allowance pursuant to section three hundred sixty-three of the retirement and social security law, a retirement for disability incurred in performance of duty allowance pursuant to section three hundred sixty-three-c of the retirement and social security law or *similar accidental disability pension provided by the pension fund of which he is a member*" (General Municipal Law § 207-c [2] [emphasis supplied]).

On its face, the statute clearly anticipates that section 207-c benefits can be extinguished when the recipient retires, even where the recipient's retirement benefit is less than the full-salary benefit provided by section 207-c (*see*, General Municipal Law § 207-c [2]; Retirement and Social Security Law § 363 [e] [three-quarter salary benefit]; § 363-c [f] [one-half salary benefit]; *see also*, General Municipal Law § 207-c [5] [discontinuing benefits when recipient reaches age or period of service designated by law for termination of service]). The statute also expressly gives the municipality the authority to apply for a correction officer's retirement without the officer's consent, thus evincing an intent to permit a municipality to limit its liability where the officer is eligible for some other qualifying form of disability benefit (*see*, General Municipal Law § 207-c [2]).

Notably, petitioner does not challenge the County's authority to file for section 605 disability retirement on his behalf, nor does he provide any basis for concluding that the application should not have been granted. Instead, he asserts that the one-third salary benefit provided by section 605 disability retirement cannot operate to terminate the General Municipal Law § 207-c full-salary benefits. Petitioner is not a member of the Police and Fire Retirement System and, therefore, he is not eligible for either the accidental disability or performance of

duty disability retirement benefits provided by Retirement and Social Security Law §§ 363 and 363-c (hereinafter section 363 accidental retirement and section 363-c performance of duty retirement, respectively). The question before us, therefore, distills to whether section 605 disability retirement is "similar" to section 363 accidental retirement or section 363-c performance of duty retirement within the meaning of General Municipal Law § 207-c (2).

As a tier IV member of the State and Local Employees' Retirement System, petitioner is subject to Retirement and Social Security Law article 15 and section 605 disability retirement. In contrast to the provisions of title 8, which separately authorize ordinary disability retirement (see, Retirement and Social Security Law § 362), accidental retirement (see, Retirement and Social Security Law § 363) and performance of duty retirement (see, Retirement and Social Security Law § 363-c), with one exception*— inapplicable here—section 605 disability retirement encompasses all available forms of disability retirement for the members of petitioner's retirement system.

Petitioner argues that section 605 disability retirement is not similar to section 363 accidental retirement or section 363-c performance of duty retirement because, unlike the latter benefits, to obtain section 605 disability retirement it is not necessary to demonstrate that one's disability was caused by accident or by the performance of his or her duties. To be eligible for section 605 disability retirement, a member must either have 10 years of service (see, Retirement and Social Security Law § 605 [b] [1]) or demonstrate that his or her disability resulted from an accident sustained in the performance of his or her duties (see, Retirement and Social Security Law § 605 [b] [3]). Thus, the clear terms of Retirement and Social Security Law § 605 provide for accidental disability retirement, for which petitioner was eligible as a tier IV member, rendering that section a logical counterpart for the benefits available to members of the Police and Fire Retirement System under Retirement and Social Security Law §§ 363 and 363-c.

That petitioner, in light of his years of service, also would have been eligible for section 605 disability retirement without proving an accident or an injury sustained in the performance of his duties does not alter our conclusion. Both the language

* Retirement and Social Security Law § 605-a provides accidental disability retirement for uniformed court officers.

of General Municipal Law § 207-c and the available legislative history support the conclusion that the Legislature intended a municipality's obligation to pay full-salary benefits to be temporary, ending when the recipient became eligible for a comparable disability benefit (see, General Municipal Law § 207-c [2], [5]; Governor's Mem approving L 1961, ch 920, 1961 McKinney's Session Laws of NY, at 2141 [reflects the Governor's insistence, prior to his approving the legislation, on protections designed to limit the duration of a municipality's obligation to pay full-salary benefits]). The fact that the accidental disability benefits available to the members of petitioner's retirement system are authorized by the same statute that provides ordinary disability benefits is an insufficient basis upon which to conclude that such benefits do not constitute an "accidental disability pension" within the meaning of General Municipal Law § 207-c (2).

Petitioner also asserts that the fact that section 605 disability retirement pays a lower benefit (one-third salary) than section 363 accidental retirement (three-quarters salary) or section 363-c performance of duty retirement (one-half salary) mandates the conclusion that section 605 disability retirement is not sufficiently like those benefits to warrant the cessation of his General Municipal Law § 207-c benefits (compare, Retirement and Social Security Law § 363 [e] and § 363-c [f], with Retirement and Social Security Law § 605 [d]). We are unpersuaded. General Municipal Law § 207-c (2) only requires that the alternative be similar, not identical. Indeed, the disparity in benefit amount between section 605 disability retirement and section 363-c performance of duty retirement (one-third salary as compared to one-half salary) is actually less than the disparity in benefit amount between section 363-c performance of duty retirement and section 363 accidental retirement (one-half salary as compared to three-quarters salary) and, yet, despite this latter, larger disparity, section 363 accidental retirement and section 363-c performance of duty retirement have the same impact on a retiree's General Municipal Law § 207-c benefits.

We determine, therefore, that petitioner's section 605 disability retirement is a "similar accidental disability pension provided by the pension fund of which he is a member" (General Municipal Law § 207-c [2]). Accordingly, we find nothing unlawful or arbitrary about the County's termination of General Municipal Law § 207-c benefits under these circumstances (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231; Matter of Renner v Broome County, 273 AD2d 778, 781).

CARDONA, P.J., CREW III, CARPINELLO and ROSE, JJ., concur.

Ordered that the judgment is affirmed, without costs.