OPINION OF THE COURT
Dan Lamont, J.
*523 Petitioners bring this proceeding pursuant to CPLR article 78 seeking a judgment declaring and adjudging that respondent McCall’s September 6, 2002 findings of fact and conclusions of law overturning Hearing Officer Lomanto’s July 30, 2002 bench decision be vacated as arbitrary and capricious, an abuse of discretion, violative of law and in excess of respondents’ jurisdiction, and declaring that petitioners may file for Retirement and Social Security Law article 15, § 605 disability retirement benefits for and on behalf of respondent Faltermeier, and granting various other forms of relief. By decision/order dated April 30, 2003, this court denied respondents’ motion to dismiss the petition for (1) failure to exhaust administrative remedies, and (2) failure to join Gordon J. Faltermeier as a necessary party, and directed that Faltermeier be added as a party.
The state respondents have now filed an answer asserting that the petition fails to state a cause of action and reasserting their defense that petitioners have failed to exhaust their administrative remedies. Respondent Faltermeier has filed a notice of cross petition requesting that the relief in the petition be denied and that Faltermeier receive an accidental disability retirement at 75% of his final average salary.
This court’s April 30, 2003 decision/order is incorporated herein. This court’s prior decision/order determined that petitioners were not required to exhaust their administrative remedies because the respondent administrative agency has made a final determination on the issue of whether or not petitioners have the authority to file an application for Retirement and Social Security Law § 605 benefits where an employee has more than 10 years of service credit and is permanently disabled as a result of an injury resulting from the performance of his duties — without regard to the cause of such disability being accidental or not accidental. Respondent McCall determined that petitioners could not file an application for Retirement and Social Security Law § 605 benefits unless respondent Faltermeier’s permanent disability was the result of an accident sustained in the performance of his duties.
The Law
General Municipal Law § 207-c, “Payment of salary, wages, medical and hospital expenses of policemen with injuries or illness incurred in the performance of duties,” provides in applicable part as follows:
“1. Any sheriff, undersheriff, deputy sheriff or cor *524 rections officer of the sheriff’s department of any county (hereinafter referred to as a ‘policeman’) . . . who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased . . .
“2. Payment of the full amount of regular salary or wages, as provided by subdivision one of this section, shall be discontinued with respect to any policeman who is permanently disabled as a result of an injury or sickness incurred or resulting from the performance of his duties if such policeman is granted an accidental disability retirement allowance pursuant to section three hundred sixty-three of the retirement and social security law, a retirement for disability incurred in performance of duty allowance pursuant to section three hundred sixty-three-c of the retirement and social security law or similar accidental disability pension provided by the pension fund of which he is a member. If application for such retirement allowance or pension is not made by such policeman, application therefor may be made by the head of the police force or as otherwise provided by the chief executive officer or local legislative body of the municipality by which such policeman is employed.”
Retirement and Social Security Law § 605, “Disability retirement,” provides in applicable part as follows:
“a. Application for a disability retirement allowance for a member may be made by:
“1. Such member, or
“2. The head of the department in which such member is employed.
“b. At the time of the filing of an application pursuant to this section, the member must:
“1. Have at least ten years of total service credit
“3. Provided, however, if the retirement system determines that such member was physically or mentally incapacitated for performance of gainful employment as the natural and proximate result of *525 an accident not caused by his own willful negligence sustained in the performance of his duties in active service while actually a member of the retirement system the requirement that the member should have ten years of credited service shall be inapplicable.
“c. If the retirement system determines that the member is physically or mentally incapacitated for the performance of gainful employment, and that he was so incapacitated at the time he ceased his performance of duties and ought to be retired for disability, he shall be so retired.”
Discussion
The facts in this proceeding relating to Faltermeier’s permanent disability and his years of service are undisputed. The parties further agree that Faltermeier was injured in the performance of his duties, but do not agree that his disability was the result of an accident sustained in the performance of his duties. The Appellate Division, Third Department’s decision in Matter of De Novio v County of Schenectady (293 AD2d 101 [3d Dept 2002], lv denied 98 NY2d 607 [2002]) has a significant impact on the issue presented in this proceeding. De Novio (at 103) contains the following excerpt from General Municipal Law § 207-c:
“Payment of the full amount of regular salary or wages, as provided by subdivision one of this section, shall be discontinued with respect to any [qualified employee] who is permanently disabled as a result of an injury or sickness incurred or resulting from the performance of his duties if such [employee] is granted an accidental disability retirement allowance pursuant to section three hundred sixty-three of the retirement and social security law, a retirement for disability incurred in performance of duty allowance pursuant to section three hundred sixty-three-c of the retirement and social security law or similar accidental disability pension provided by the pension fund of which he is a member (General Municipal Law § 207-c [2] [emphasis supplied]).”
As a tier IV member of the State and Local Employees’ Retirement System, respondent Faltermeier is subject only to Retirement and Social Security Law article 15, § 605 disability retirement. “In contrast to the provisions of title 8, which separately *526 authorize ordinary disability retirement (see, Retirement and Social Security Law § 362), accidental [disability] retirement (see, Retirement and Social Security Law § 363) and performance of duty retirement (see, Retirement and Social Security Law § 363-c) . . . section 605 disability retirement encompasses all available forms of disability retirement for the members of petitioner’s retirement system.” (De Novio v County of Schenectady, supra at 104 [emphasis supplied].)
Under the facts of this proceeding, this court determines that section 605 disability retirement encompasses all available forms of disability retirement for members of respondent Faltermeier’s retirement system. “To be eligible for section 605 disability retirement, a member must either have 10 years of service [emphasis added] ... or demonstrate that his or her disability resulted from an accident sustained in the performance of his or her duties (see, Retirement and Social Security Law § 605 [b] [(1)], [3]).” (De Novio, supra at 104.) The De Novio court determined that “the clear terms of Retirement and Social Security Law § 605 provide for accidental disability retirement, for which petitioner was eligible as a tier IV member, rendering that section a logical counterpart for the benefits available to members of the Police and Fire Retirement System under Retirement and Social Security Law §§ 363 and 363-c” (De Novio, supra at 104 [emphasis supplied]).
In De Novio, the petitioner was found to be disabled as a result of an accident sustained in the performance of his duties (although he had 10 years of service in the system) — rather than as a result of being disabled with 10 years of service. The De Novio court specifically noted “That petitioner, in light of his years of service, also would have been eligible for section 605 disability retirement without proving an accident or an injury sustained in the performance of his duties does not alter our conclusion. Both the language of General Municipal Law § 207-c and the available legislative history support the conclusion that the Legislature intended a municipality’s obligation to pay full-salary benefits to be temporary, ending when the recipient became eligible for a comparable disability benefit (see, General Municipal Law § 207-c [2], [5]; Governor’s Mem approving L 1961, ch 920, 1961 McKinney’s Session Laws of NY, at 2141 [reflects the Governor’s insistence, prior to his approving the legislation, on protections designed to limit the duration of a municipality’s obligation to pay full-salary benefits]).” (Matter of De Novio v County of Schenectady, supra at 104-105 [emphasis supplied].) *527 The De Novio court concluded that “The fact that the accidental disability benefits available to the members of petitioner’s retirement system are authorized by the same statute that provides ordinary disability benefits is an insufficient basis upon which to conclude that such benefits do not constitute an ‘accidental disability pension’ within the meaning of General Municipal Law § 207-c (2).” (Id. at 105.)
The state respondents argue that Faltermeier’s disability pension under Retirement and Social Security Law § 605 (b) (1), based upon having 10 years of service without regard to whether the disability was caused by an accident during the performance of his duties, is not a “similar accidental disability pension” because there is no requirement for an accident sustained in the performance of his duties like Retirement and Social Security Law § 605 (b) (3) — the basis for the petitioner’s disability pension in De Novio.
Indisputably, De Novio held that section 605 disability retirement is a similar accidental disability pension provided by the pension fund of which he is a member. Based upon the De Novio holding, the Governor’s Memorandum relating to the enactment of General Municipal Law § 207-c, and the fact that the value, form and payments of a disability pension pursuant to Retirement and Social Security Law § 605 (b) (1) and (3) are exactly the same, this court hereby interprets the holding in De Novio to include disability pensions under Retirement and Social Security Law § 605 (b) (1) as a “similar accidental disability pension” provided by the pension fund of which he is a member. Such a holding advances the Legislature’s intention of providing protections designed to limit the duration of a municipality’s obligation to pay full salary benefits. This court also gleans significant indication of legislative intent from the fact that General Municipal Law § 207-c (2) provides that municipalities shall cease paying full salary benefits to policemen who are permanently disabled as a result of an injury resulting from performance of their duties if such policeman is granted a retirement for disability incurred in performance of duty allowance pursuant to Retirement and Social Security Law § 363-c (a disability retirement benefit without regard to “accident”).
A holding that the exact same pensions are not a “similar accidental disability pension” (i.e., Retirement and Social Security Law § 605 [b] [1] vs. Retirement and Social Security Law § 605 [b] [3]) simply because petitioner’s eligibility was arrived at *528 under a different set of circumstances is not logical because such a holding would create a paradox whereby a permanently disabled member who was not disabled as a result of an “accident” sustained in the performance of his or her duties would continue to receive full General Municipal Law § 207-c pay and benefits, whereas another permanently disabled member who was disabled as a result of an “accident” sustained in the performance of his or her duties would only be able to collect Retirement and Social Security Law § 605 disability retirement benefits. The Legislature never would have promoted such a result wherein deputy sheriffs who are disabled as a result of an accident while performing their duties on behalf of the public would receive a Retirement and Social Security Law § 605 disability retirement payment, whereas deputy sheriffs who are disabled as a result of a sickness or an injury incurred in or resulting from performance of their duties continue to draw their full salaries pursuant to General Muncipal Law § 207-c.
In addition, there are several Appellate Division, Third Department, holdings which essentially teach that virtually no injury to a policeman, fireman, or other retirement system member in the performance of his or her duties results from an “accident” as that word is used in Retirement and Social Security Law § 605 (see, e.g., Matter of Penkalski v McCall, 292 AD2d 735 [3d Dept 2002]; Matter of Butler v McCall, 247 AD2d 709, 710 [3d Dept 1998]; Matter of O’Donnell v New York State & Local Retirement Sys., 249 AD2d 607 [3d Dept 1998]). If an injury from an “accident” in the performance of duty is interpreted as strictly and narrowly as case law suggests, then the provisions of General Municipal Law § 207-c (2) and Retirement and Social Security Law § 605 as enacted by the Legislature would be virtually useless and worthless to municipalities seeking to utilize the provisions of those sections to avoid continuing to pay full salaries and benefits under General Municipal Law § 207-c (1) UNLESS such statutes are construed consistent with this court’s determination that all forms of disability retirement under Retirement and Social Security Law § 605 are applicable to and allowable for municipal applications for disability retirement under General Municipal Law § 207-c (2).
Municipalities whose policemen are members of the Police and Fire Retirement System can apply to retire permanently disabled policemen injured in the performance of their duties without regard to “accident” (see, Retirement and Social Secu *529 rity Law § 363 [accidental disability retirement allowance], and § 363-c [disability incurred in performance of duty allowance]). Under the statutory interpretation advanced by respondent McCall (now Hevesi), only those municipalities whose policemen are members of the New York State and Local Employees’ Retirement System would be hamstrung by the limitation that the disability retirement benefits pursuant to General Municipal Law § 207-c (2) and Retirement and Social Security Law § 605 must result from an accident, therefore, such municipalities would be required to continue to pay General Municipal Law § 207-c (1) full salary and benefits to permanently disabled policemen injured during the performance of their duties — unless such injury resulted from an “accident.”
This court holds and determines that because disability retirement under Retirement and Social Security Law § 605 (b) (1) and accidental disability retirement under Retirement and Social Security Law § 605 (b) (3) are the only disability retirement benefits for members of the New York State and Local Employees’ Retirement System, the petitioner County of Montgomery is authorized by General Municipal Law § 207-c (2) and Retirement and Social Security Law § 605 to apply for disability retirement benefits for a deputy sheriff with 10 years of service or more who is permanently disabled as a result of an injury incurred in or resulting from the performance of his duties — without regard to whether or not such permanent disability was caused by an “accident.”
Accordingly, this court holds and determines that respondent McCall’s September 6, 2002 findings of fact and conclusions of law should be and the same are hereby vacated and that Hearing Officer Lomanto’s July 30, 2002 bench decision should be and the same is hereby reinstated. This court further holds and determines that the petitioners may file for Retirement and Social Security Law article 15, § 605 disability retirement benefits for and on behalf of respondent Faltermeier.
Cross Petition
Respondent Faltermeier asserts that this proceeding should be transferred to the Appellate Division for a final determination to be made in that Court, on substantial evidence grounds. The facts in this proceeding are uncontested, and the issue presented is one of pure statutory construction. Accordingly, respondent Faltermeier’s request for a transfer to the Appellate Division on the substantial evidence question should be and the *530 same is hereby denied. Respondent Faltermeier’s application for a judgment declaring that he receive an accidental disability retirement benefit at 75% of his final average salary should be and the same is hereby denied. The cross petition is hereby dismissed.
Conclusion
This court holds and determines that the petition should be and the same is hereby granted; that respondent McCall’s September 6, 2002 findings of fact and conclusions of law should be and the same are hereby vacated; and that Hearing Officer Lomanto’s July 30, 2002 bench decision should be and the same is hereby reinstated. This court further holds and determines that petitioners may file for Retirement and Social Security Law, article 15, § 605 disability retirement benefits for and on behalf of respondent Faltermeier.