In the Matter of BENJAMIN ECONOMICO, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent. [776 NYS2d 632]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's applications for performance of duty and accidental disability retirement benefits.

Petitioner, a police officer for the City of Yonkers in Westchester County, was assigned to work in the property and evidence unit located on the third floor of the police building on July 16, 2001. His work duties involved logging, filing and storing evidence there. When he left the building to get lunch that day, he was involved in an automobile accident. As a result of

injuries sustained in the accident, he filed applications for performance of duty and accidental disability retirement benefits.* Following the denial of these applications, petitioner requested a hearing and determination. At the conclusion of the hearing, the Hearing Officer also denied the applications, finding that the July 16, 2001 accident did not occur during the course of petitioner's duties. The Comptroller accepted the Hearing Officer's findings and sustained the denial of both applications.

In this CPLR article 78 proceeding, petitioner only challenges the denial of his application for accidental disability retirement benefits, contending that his accident occurred while he was in service (*see* Retirement and Social Security Law § 363 [a] [1]). In support of his argument, he points to the employee injury report which indicates that the accident occurred while he was on duty. He also relies on the fact that, during his lunch break, he continued to receive compensation, remained in uniform, possessed his badge and service revolver, and was required to respond to calls and emergency situations.

It is undisputed, however, that petitioner did not receive any calls or respond to any emergency situations while on the lunch break at issue. In addition, he took his own personal vehicle and cellular telephone, instead of those owned by his employer. In light of this, and the fact that petitioner was engaged in a personal activity rather than performing work duties at the time of the accident, we find that substantial evidence supports the Comptroller's denial of his application on the basis that he was not in service at the time of the accident (*see Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792, 794 [1995]; *Matter of Robinson v New York State & Local Police & Fire Retirement Sys.*, 192 AD2d 951, 952 [1993]; *Matter of Nappi v Regan*, 186 AD2d 855, 855 [1992], *lv denied* 81 NY2d 703 [1993]; *Matter of Marino v Regan*, 117 AD2d 845, 846 [1986]).

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner also filed an application for ordinary disability retirement benefits which was approved on the ground that he was permanently incapacitated from performing his duties. This determination is not at issue in this CPLR article 78 proceeding.