■ In the Matter of PATRICK T. MELLOR, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [814 NYS2d 408]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a claims investigator, allegedly sustained various injuries when he tripped and fell while walking on the unpaved portion of a roadway near his office. Petitioner's application for accidental disability retirement benefits was denied, and he requested and was granted a hearing and redetermination. At

the conclusion of the hearing, at which petitioner was the only witness to appear and testify, the hearing officer denied petitioner's application, finding that petitioner was not actually engaged in the performance of his duties at the time of the underlying incident. Respondent Comptroller upheld that determination, prompting petitioner to commence this proceeding pursuant to CPLR article 78 challenging the denial of his application.

The Comptroller is vested with the exclusive authority to determine whether an accidental injury was sustained while in the performance of a petitioner's duties, and the determination in that regard, if supported by substantial evidence, will not be disturbed (*see Matter of Waldron v McCall*, 302 AD2d 742, 743 [2003], *lv denied* 100 NY2d 503 [2003]). Here, petitioner argues that the only evidence in the record that would support a finding that he was engaged in a personal errand at the time of the incident—namely, his application for accidental disability retirement benefits and the employer's accident report—was not relied upon by either the hearing officer or the Comptroller and, as such, may not properly be considered by this Court. While petitioner indeed is correct that we cannot confirm an administrative determination upon a ground not invoked by the agency (*see Matter of Berchielli v Zoning Bd. of Appeals of Town of Westerlo*, 202 AD2d 733, 734 [1994], *lv denied* 83 NY2d 757 [1994]), petitioner's argument on this point overlooks the fact that his own testimony provides substantial evidence to support the Comptroller's determination. In this regard, although petitioner testified that it was his plan to take the subway from Manhattan, where his office was located, to the Bronx, where he was scheduled to perform some field work, he acknowledged that he also planned to stop en route to the subway station to purchase a cup of coffee before going to a local bank to deposit his paycheck. As petitioner testified that his fall occurred within approximately 100 feet of his place of employment, the Comptroller's determination that petitioner was engaged in a personal errand at the time of his fall is supported by substantial evidence in the record as a whole. Accordingly, the underlying determination is confirmed.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.