In the Matter of ELIZABETH A. CURTIN, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. [869 NYS2d 659]—

Rose, J.

Petitioner, a court reporter employed by the State Office of Court Administration and working at Manhattan Criminal Court, was injured when she tripped and stumbled down several steps outside the courthouse during her lunch break. Thereafter, petitioner filed an application for accidental disability retirement benefits. Following the initial denial of her application, petitioner timely requested a hearing and redetermination. After a hearing, the Hearing Officer denied the application, finding that the incident did not occur while petitioner was engaged in the performance of her duties and that the incident was not an accident within the meaning of Retirement and Social Security Law § 63 (a). Respondent upheld the denial and this CPLR article 78 proceeding ensued.

We confirm. Respondent is vested with exclusive authority to determine all applications for retirement benefits and such determination must be upheld if supported by substantial evidence (see Retirement and Social Security Law § 74 [b]; Matter of Port Auth. Police Benevolent Assn., Inc. v Anglin, 54 AD3d 495, 496 [2008], lv granted 11 NY3d 710 [2008]; Matter of Franks v DiNapoli, 53 AD3d 897, 897-898 [2008]). To be entitled to benefits pursuant to Retirement and Social Security Law § 605 (b) (3), a petitioner must demonstrate that an accidental injury was sustained while in the performance of his or her duties, and this Court has upheld the denial of benefits when a petitioner is injured while on a lunch break (see Matter of Economico v New York State & Local Police & Fire Retirement

*Sys.*, 7 AD3d 913, 914 [2004], *lv denied* 3 NY3d 611 [2004]; *Matter of Cossifos v New York State & Local Employees' Retirement Sys.*, 275 AD2d 879, 879 [2000]; *Matter of Marino v Regan*, 117 AD2d 845, 846 [1986]). Here, petitioner testified unequivocally that her fall occurred during her lunch break while she was leaving the building to get something to eat and, further, that she was not paid for her lunch break. As such, substantial evidence supports respondent's determination that petitioner was not in service at the time she was injured (*see Matter of Waldron v McCall*, 302 AD2d 742, 743 [2003], *lv denied* 100 NY2d 503 [2003]). We have examined petitioner's remaining contentions and find them to be without merit.

Peters, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.