■ In the Matter of JOHN A. CORNACCHIO, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [892 NYS2d 257]—

Kane, J. ■■■■■■■■■

Petitioner suffered accidents in 1998 and 1999 while working as a laborer for a municipality. Although the New York State and Local Employees' Retirement System found petitioner to be disabled, it denied his application for disability retirement benefits on the ground that he had not demonstrated that his disability arose out of either accident. Following a hearing requested by petitioner, a hearing officer rejected his application for benefits. Respondent accepted those findings, prompting petitioner to commence this proceeding.

Respondent has exclusive authority to determine retirement benefit applications, and we will uphold his determination if it is supported by substantial evidence (*see Matter of Curtin v Hevesi*, 57 AD3d 1178, 1178 [2008]). As petitioner had less than

10 years of service at the time he submitted his disability retirement application, he bore the burden of demonstrating that he was disabled "as the natural and proximate result of an accident not caused by his own willful negligence sustained in the performance of his duties" (Retirement and Social Security Law § 605 [b] [3]; *see Matter of Collins v DiNapoli*, 57 AD3d 1148, 1149 [2008]; *Matter of De Novio v County of Schenectady*, 293 AD2d 101, 104 [2002], *lv denied* 98 NY2d 607 [2002]). Here, an orthopedist who examined petitioner found that the 1998 and 1999 accidents were not producing causes of his disability and that degenerative conditions attributable to his obesity were the primary causes. An examining neurologist agreed that conditions related to petitioner's obesity were "[h]is major problem." Significantly, none of petitioner's medical providers expressed a causal relationship between his work-related accidents and his disability. Accordingly, substantial evidence supports respondent's determination (*see Matter of Knox v New York State Policemen's & Firemen's Retirement Sys.*, 150 AD2d 898, 899 [1989]; *Matter of Cohen v Regan*, 80 AD2d 703, 703-704 [1981], *lv denied* 54 NY2d 605 [1981]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.