■ In the Matter of DIANA M. GONZALEZ, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [914 NYS2d 736]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner, a motor vehicle license examiner, filed this application for disability retirement benefits contending that she was disabled as the result of injuries allegedly sustained to her left knee in 1996, left shoulder in 1998, lower back in 2001 and neck in 2002. At the conclusion of the hearing that followed, the Hearing Officer found that the 1996 incident was not an accident and, as to the remaining incidents, that petitioner was not permanently incapacitated from the performance of her duties as a result of the injuries sustained.* The Comptroller upheld that decision, and this CPLR article 78 proceeding ensued.

We confirm. The Comptroller is vested with the exclusive authority to determine applications for retirement benefits and such determination, if supported by substantial evidence in the

* Respondent conceded that the 1998, 2001 and 2002 incidents were accidents.

record as a whole, must be confirmed (*see Matter of Franks v DiNapoli*, 53 AD3d 897, 897-898 [2008]; *Matter of Hilson v Hevesi*, 16 AD3d 895 [2005]). As petitioner had less than 10 years of service credit when she submitted her application, she was required to establish that she was disabled "as the natural and proximate result of an accident not caused by [her] own willful negligence sustained in the performance of [her] duties" (*Matter of Cornacchio v DiNapoli*, 68 AD3d 1520, 1521 [2009], *lv denied* 14 NY3d 707 [2010] [internal quotation marks and citations omitted]).

As to the 1996 incident, petitioner testified that she tripped and fell entering a local diner while on a bathroom and/or coffee break, and this Court has upheld the denial of benefits where an employee is injured while on a break or otherwise engaged in a personal activity (*see Matter of Curtin v Hevesi*, 57 AD3d 1178, 1178-1179 [2008]; *Matter of Welch v Hevesi*, 32 AD3d 564 [2006]; *Matter of Jetter v Hevesi*, 5 AD3d 941, 941-942 [2004]; *Matter of Eckerson v New York State & Local Retirement Sys.*, 270 AD2d 705 [2000]). With regard to the remaining injuries to petitioner's shoulder, lower back and neck, Edward Toriello, the board-certified orthopedic surgeon who testified on behalf of respondent, testified that his examination disclosed no objective findings to support petitioner's subjective complaints of pain and, further, that the foregoing injuries did not permanently incapacitate petitioner from the performance of her duties as a motor vehicle license examiner. Specifically, Toriello testified that petitioner displayed full, pain-free range of motion in her neck and shoulders at the time of his physical examination of her and that he discerned no evidence of spasms, atrophy or impingement in these areas. Although petitioner did have a 30 degree loss of flexion in her lumbosacral spine, Toriello stated that her remaining range of motion was full and pain free, that he observed no evidence of spasms and that the bulging discs noted on petitioner's MRI studies were, in his view, attributable to the normal aging process. While petitioner's chiropractor and neurologist were of a contrary view, this conflict in the medical testimony presented a factual matter for the Comptroller to resolve (*see Matter of Hammond-Timpano v New York State & Local Retirement Sys.*, 65 AD3d 1439, 1439-1440 [2009]; *Matter of Varriano v Hevesi*, 40 AD3d 1357, 1359 [2007], *lv denied* 9 NY3d 815 [2007]).

Cardona, P.J., Spain, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.