*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 2, 2014                518425
_____

In the Matter of JOHN P.
    DREHER,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller, et al.,
                        Respondents.
_____

Calendar Date:    September 5, 2014

Before:    Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Max D. Leifer, PC, New York City (Max D. Leifer of
counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

_____

Egan Jr., J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller which denied
petitioner's application for accidental disability retirement
benefits.

        Petitioner worked as a senior court officer and was tasked
with, among other things, transporting a judge who needed
assistance to the courthouse.  While traveling to the judge's
residence in October 2008, petitioner took a brief detour in
order to purchase a cup of coffee and was struck by a car while
crossing the street, sustaining various injuries.  Petitioner

obtained line of duty injury benefits provided under the collective bargaining agreement applicable to him and thereafter applied for accidental disability retirement benefits, which were denied. Following a hearing and redetermination, the Hearing Officer upheld the denial of benefits, as did respondent Comptroller, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. There is no question that the Comptroller "is vested with exclusive authority to determine all applications for retirement benefits, including the question of whether an accidental injury was sustained while in service, and if supported by substantial evidence, the determination must be upheld" (Matter of Welch v Hevesi, 32 AD3d 564, 564 [2006] [internal quotation marks and citations omitted]; see Retirement and Social Security Law § 74 [b]). Although petitioner testified that he was on duty when he was injured, the fact remains that he "'was engaged in a personal activity rather than performing work duties' at the time when the incident occurred" (Matter of Welch v Hevesi, 32 AD3d at 564, quoting Matter of Economico v New York State & Local Police & Fire Retirement Sys., 7 AD3d 913, 914 [2004], lv denied 3 NY3d 611 [2004]; see Matter of Gonzalez v New York State & Local Employees' Retirement Sys., 79 AD3d 1562, 1563 [2010]; Matter of Mellor v Hevesi, 29 AD3d 1205, 1206 [2006]). Substantial evidence thus supports the Comptroller's determination that petitioner was not in service when he was injured (see Matter of Mellor v Hevesi, 29 AD3d at 1206), notwithstanding the fact that he received line of duty injury benefits under the terms of the collective bargaining agreement. Petitioner's remaining contention, to the extent that it is preserved for our review, has been considered and found to be lacking in merit.

Stein, J.P., McCarthy, Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court