Matter of Rajcoomar v New York State Comptroller (2018 NY Slip Op 02233)





Matter of Rajcoomar v New York State Comptroller


2018 NY Slip Op 02233


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

525454

[*1]In the Matter of LLOYD A. RAJCOOMAR, Petitioner,
v
NEW YORK STATE COMPTROLLER, Respondent.

Calendar Date: February 16, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ.


Bernard Weinreb, Spring Valley, for petitioner.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for disability retirement benefits.
On January 25, 2011, petitioner, a school safety officer with the Newburgh Enlarged City School District, drove to work in a blizzard, arriving around 8:30 a.m., and was informed by the custodian that the opening of school had been delayed approximately two hours from the normal starting time of 8:50 a.m. Petitioner, realizing that he had left his radio headpiece and identification badge in another jacket, drove home to retrieve the equipment and, upon his return trip to school, was
injured when his car was rear-ended by a tractor trailer. Petitioner's subsequent application for disability retirement benefits was denied on the basis that he was not in the performance of his duties at the time that the injury occurred. This CPLR article 78 proceeding ensued.
We affirm. It is well-settled that "[respondent] is vested with the exclusive authority to determine applications for retirement benefits and such determination, if supported by substantial evidence in the record as a whole, must be confirmed" (Matter of Gonzalez v New York State & Local Employees' Retirement Sys., 79 AD3d 1562, 1562-1563 [2010]; see Matter of Dreher v DiNapoli, 121 AD3d 1145, 1146 [2014]). To be entitled to disability retirement benefits, "a petitioner must demonstrate that an accidental injury was sustained while in the performance of [*2]his or her duties" (Matter of Curtin v Hevesi, 57 AD3d 1178, 1178 [2008]). Here, substantial evidence supports respondent's determination that petitioner was engaged in a personal activity, rather than performing work duties, when he returned home to retrieve the work equipment that he, due to his own error, mistakenly left at home (see e.g. Matter of Dreher v DiNapoli, 121 AD3d at 146; Matter of Welch v Hevesi, 32 AD3d 564, 564 [2006]). Petitioner failed to establish that the trip home was for the purpose of the employer, despite his assertion that the equipment was necessary for the performance of his duties and that, without it, he would face disciplinary consequences. We have reviewed petitioner's remaining contentions and find them to be without merit.
McCarthy, J.P., Devine, Clark and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.