Matter of Heidelmark v New York State & Local Employees' Retirement Sys. (2018 NY Slip Op 02235)





Matter of Heidelmark v New York State & Local Employees' Retirement Sys.


2018 NY Slip Op 02235


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

525550

[*1]In the Matter of FRED HEIDELMARK, Petitioner,
v
NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

Calendar Date: February 15, 2018

Before: Garry, P.J., Devine, Mulvey, Aarons and Pritzker, JJ.


Tully Rinkey, PLLC, Albany (Michael Macomber of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondents.


Mulvey, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for disability retirement benefits.
Petitioner, a construction equipment operator for the Office of General Services, was injured when the break room chair he sat in flipped backward. Thereafter, petitioner applied for disability retirement benefits alleging that he was disabled as a result of the injury sustained. After a hearing, the Hearing
Officer found that petitioner met his burden of establishing that the event was an accident within the meaning of Retirement and Social Security Law § 605. Upon administrative appeal, respondent Comptroller superceded the Hearing Officer's determination and denied the application, finding that petitioner was not in the performance of his duties when the injury occurred. This CPLR article 78 proceeding ensued.
We confirm. "To be entitled to benefits pursuant to Retirement and Social Security Law § 605 (b) (3), a petitioner must demonstrate that an accidental injury was sustained while in the performance of his or her duties" (Matter of Curtin v Hevesi, 57 AD3d 1178, 1178 [2008] [citations omitted]). Here, the record unequivocally establishes that petitioner was on a break [*2]when the injury occurred, "and this Court has upheld the denial of benefits where an employee is injured while on a break or otherwise engaged in a personal activity" (Matter of Gonzalez v New York State & Local Employees' Retirement Sys., 79 AD3d 1562, 1563 [2010]; see Matter of Curtin v Hevesi, 57 AD3d at 1178; Matter of Cossifos v New York State & Local Employees' Retirement Sys., 275 AD2d 879, 879 [2000]; Matter of Eckerson v New York State & Local Retirement Sys., 270 AD2d 705, 705 [2000], lv denied 95 NY2d 756 [2000]; see also Matter of Economico v New York State & Local Police & Fire Retirement Sys., 7 AD3d 913, 914 [2004], lv denied 3 NY3d 611 [2004]). Contrary to petitioner's contention, whether petitioner was in the performance of his duties at the time of the event was properly considered by the Comptroller inasmuch as it is a threshold issue in determining entitlement to disability retirement benefits (see Matter of Curtin v Hevesi, 57 AD3d at 1178). Petitioner's remaining contentions are without merit.
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.