Matter of Thompson v DiNapoli (2018 NY Slip Op 03582)





Matter of Thompson v DiNapoli


2018 NY Slip Op 03582


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525370

[*1]In the Matter of RHONDA THOMPSON, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: March 27, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Bartlett LLP, White Plains (Michael J. Catallo of counsel), for petitioner.
Barbara D. Underwood, Acting Attorney General, Albany (William E. Storrs of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for disability retirement benefits.
Petitioner, a correction officer, applied for disability retirement benefits under Retirement and Social Security Law § 507-a, contending that she was disabled due to injuries sustained to her left knee and back in December 2013 when she slipped and fell while descending a flight of stairs at a training facility. The application was denied upon the grounds that petitioner did not have 10 years of total service
credit and, further, that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Following the requested rehearing and redetermination, wherein the New York State and Local Employees' Retirement System raised the issue of whether petitioner was in service at the time of the incident, the Hearing Officer denied petitioner's application. Insofar as is relevant here, the Hearing Officer found that petitioner failed to establish that she had the requisite 10 years of service credit and that petitioner was on a break from a training seminar when she was injured and, therefore, was engaged in a personal [*2]activity unrelated to the performance of her work duties at the time of her fall [FN1]. Respondent adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding challenging respondent's determination.
We confirm. A member of the Retirement System may apply for disability retirement benefits if, among other things, he or she has "at least [10] years of total service credit" (Retirement and Social Security Law § 507-a [b] [1]). Respondent "is charged with the responsibility of determining service credits for retirement purposes and his determination will be upheld if rational and supported by substantial evidence" (Matter of Caetano v DiNapoli, 140 AD3d 1579, 1580 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 906 [2016]; see Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y. State & Local Retirement Sys.], 106 AD3d 1321, 1322 [2013], lv denied 22 NY3d 854 [2013]).
Here, a representative from the Retirement System testified that petitioner had 8.85 years of service credit — a calculation based upon petitioner working for the state for brief periods of time in 1994 and 2000 before returning to state service from February 2006 to September 2014. Although petitioner testified that such calculation failed to take into account service that she allegedly performed for the state at certain points prior to 1994, her assertion in this regard is belied by her payroll records (which do not document state service prior to September 1994) and her first application for membership in the Retirement System (which reflects an initial appointment date of September 20, 1994), as well as her September 2014 application for disability retirement benefits, wherein she indicated that she had been in state service for eight years. As the record otherwise fails to support petitioner's claim that she is entitled to additional service credit, respondent's determination in this regard will not be disturbed (see Matter of Caetano v DiNapoli, 140 AD3d at 1581).
Without 10 years of service credit, petitioner was required to demonstrate "that an accidental injury was sustained while in the performance of . . . her duties" (Matter of Rajcoomar v New York State Comptroller, 159 AD3d 1323, 1323-1324 [2018] [internal quotation marks and citation omitted]; see Retirement and Social Security Law § 507-a [b] [3]). To that end, we have routinely "upheld the denial of benefits where an employee is injured while on a break or otherwise engaged in a personal activity" (Matter of Gonzalez v New York State & Local Employees' Retirement Sys., 79 AD3d 1562, 1563 [2010]; accord Matter of Heidelmark v New York State & Local Employees' Retirement Sys., 159 AD3d 1326, 1326 [2018]; see Matter of Dreher v DiNapoli, 121 AD3d 1145, 1146 [2014]; Matter of Welch v Hevesi, 32 AD3d 564, 564 [2006]). Petitioner, who was attending an employer-sponsored training exercise, testified unequivocally that her fall occurred during a scheduled break as she was leaving the facility to visit a nearby relative. Substantial evidence thus supports respondent's determination that petitioner was not in service at the time she was injured (see Matter of Gonzalez v New York State & Local Employees' Retirement Sys., 79 AD3d at 1563; Matter of Curtin v Hevesi, 57 AD3d 1178, 1178-1179 [2008]; Matter of Waldron v McCall, 302 AD2d 742, 743 [2003], lv denied 100 NY2d 503 [2003]; Matter of Nappi v Regan, 186 AD2d 855, 855 [1992], lv denied 81 NY2d 703 [1993]). In light of this disposition, petitioner's remaining contention is academic.
Egan Jr., J.P., Lynch, Devine and Clark, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although petitioner also had filed an application for performance of duty disability retirement benefits, which was denied, she withdrew this application at the start of the administrative hearing.